C.O.N.T.R.O.L.; City of Argyle; Town of Bartonville; Town of Copper Canyon; City of Haslet, City of Justin; Town of Northlake; City of Roanoke; Argyle Independent School District; Northwest Independent School District; Argyle Volunteer Fire Department; Justin Volunteer Fire Department; Denton County Electric Co-op; Graham–Argyle Cemetery Association; Prairie Mound Cemetery Association; Justin State Bank; Northwest Regional Airport; Lil Arnold; Rebecca R. Blair; Eric C. Carpenter; Edward H. Coe; David M. Dooley; Bert H. Gibbs; Gibbs Family: Tillie H. Gibbs, H. Jarrell Gibbs, and Diane (Gibbs) Nichols; C.J. Hardeman Family; Elizabeth C. Morris; William D. Owens, Jr.; Daniel J. Schneider Family; Roger Thompson; Kay Thompson; Lois Thompson; Robert Tracy; Donald A. Wood; and G.A.S.P., Appellants

v.

SENTRY ENVIRONMENTAL, L.P. and Texas Natural Resource Conservation Commission, Appellees.

No. 03–95–00244–CV.

Court of Appeals of Texas, Austin.

Feb. 14, 1996.

Rehearing Overruled March 20, 1996.

Roger D. Sanders, Sanders, Mumm, O'Hanlon & Motley, P.C., Sherman, for appellants.

Roliff Purrington, Mayor, Day, Caldwell & Keeton, Houston, for Sentry Environmental, L.P.

Dan Morales, Attorney General, Cynthia Woelk, Assistant Attorney General, Environmental Protection Division, Austin, for Texas Natural Resource Conservation Commission.

Before CARROLL, C.J., and JONES and B.A. SMITH, JJ.

CARROLL, Chief Justice.

This appeal arises out of the denial of a landfill permit to appellee Sentry Environmental, L.P. ("Sentry") on March 31, 1994, by the Texas Natural Resource Conservation Commission (the "Commission"). Although successful before the Commission, appellants [1] now protest the grounds relied on by the Commission to deny the landfill permit. Upon judicial review of the Commission's decision, the district court dismissed the case for lack of jurisdiction. Appellants challenge this decision in eight points of error. We will affirm the trial court judgment.

## BACKGROUND

In 1990, Sentry filed an application for a municipal solid waste permit. During the course of the hearings, the Commission considered several alternative grounds for rejecting the landfill application. Among these were the impact of the proposed landfill on surrounding land values and the increased risk to air traffic resulting from birds that, in traveling between a nearby lake and the proposed landfill, would be forced to fly directly over the flight space of Northwest Regional Airport.

The Commission entered a final order denying Sentry's application based on the grounds that Sentry had not adequately characterized deep groundwater at the site and that Sentry had failed to establish that the operation of the landfill as proposed would not contaminate groundwater located beyond the boundaries of the site. In its final order, the Commission expressly rejected all other grounds for denying the permit.

Following the decision by the Commission, both Sentry and appellants filed petitions for judicial review. Appellants sought affirmance of the Commission's order but asked that the Commission's determinations regarding certain alternative issues be reversed and that the basis for denial of the permit be expanded to include the impact on surrounding land values and the increased risk to air traffic. Further, appellants wanted the district court to review Sentry's use of contingency fee witnesses and Sentry's multiple permit application amendments which increased attorneys' fees. Appellants seek this additional remedy primarily to make it more difficult for Sentry to reapply for a landfill site in the future. Sentry filed a separate petition requesting judicial review of the denial by the Commission. The district court consolidated the two actions and then dismissed appellants' petition for want of jurisdiction. Then, on January 3, 1995, the district court granted Sentry's motion for nonsuit of its claims.

## DISCUSSION

■ In their first point of error, appellants argue that the district court erred in dismissing appellants' claim for want of jurisdiction. We disagree.

Although the order dismissing the claim for want of jurisdiction does not specify the grounds by which the trial court reached its determination, the ability of a party to obtain judicial review of an administrative decision is determined by section 2001.171 of the Administrative Procedure Act ("APA"). *See*

---

1. The following parties are appellants in this action: C.O.N.T.R.O.L.; City of Argyle; Town of Bartonville; Town of Copper Canyon; City of Haslet, City of Justin; Town of Northlake; City of Roanoke; Argyle Independent School District; Northwest Independent School District; Argyle Volunteer Fire Department; Justin Volunteer Fire Department; Denton County Electric Co-op; Graham-Argyle Cemetery Association; Prairie Mound Cemetery Association; Justin State Bank; Northwest Regional Airport; Lil Arnold; Rebecca R. Blair; Eric C. Carpenter; Edward H. Coe; David M. Dooley; Bert H. Gibbs; Gibbs Family: Tillie H. Gibbs, H. Jarrell Gibbs, and Diane (Gibbs) Nichols; C.J. Hardeman Family: Elizabeth C. Morris; William D. Owens, Jr.; Daniel J. Schneider Family; Roger Thompson; Kay Thompson; Lois Thompson; Robert Tracy; Donald A. Wood; and G.A.S.P.

Tex. Gov't Code Ann. § 2001.171 (West 1996). This section provides "[a] person who has exhausted all administrative remedies available within a state agency *and who is aggrieved* by a *final decision* in a contested case is entitled to judicial review under this chapter." *Id.* (emphasis added). Appellants are not parties who have been aggrieved by a final decision by the Commission. As such, the district court lacked jurisdiction to entertain the appeal and properly dismissed the claim.

Appellants contend that they did not receive all of the relief they sought when the Commission denied the landfill permit to Sentry. According to appellants, they became aggrieved parties when the Commission, in denying the permit for the proposed landfill, expressly rejected the grounds advanced by appellants and chose to deny the permit based solely on the groundwater contamination issue.

■ In general, a party appeals from a judgment and not from a finding or conclusion in support of the judgment. *Champlin Exploration Inc. v. Railroad Comm'n,* 627 S.W.2d 250, 251 (Tex.App.—Austin 1982, writ ref'd n.r.e.). In *Champlin,* we held that Champlin Exploration failed to demonstrate it was an aggrieved party when it prevailed in receiving the requested relief, but the Commission ruled against it on a supporting issue. *Id.* As in *Champlin,* the Commission expressly rejected certain of appellants' supporting issues concerning land values and FAA preemption, but appellants in this case were ultimately successful in getting the Commission to deny Sentry's application for a solid waste permit. We must judge the agency order on the basis upon which it purports to rest and not upon what we might imagine is an adequate or more proper basis. *Professional Mobile Home Transp. v. Railroad Comm'n,* 733 S.W.2d 892, 904 (Tex. App.—Austin 1987, writ ref'd n.r.e.).

More recently in *Gulf States Utilities v. Coalition of Cities,* 883 S.W.2d 739 (Tex. App.—Austin 1994, no writ), we determined that Gulf States was not aggrieved as that term is used in APA section 2001.171. *Id.* at 746–47. In *Gulf States,* the Public Utility Commission determined that Gulf States had

not carried its burden of proof in demonstrating that $1.453 billion should be included as part of their prudent investment calculation. However, the Commission agreed to reconsider the prudence of the expenditure in a subsequent proceeding. Because the Commission determined to reconsider the expenditure at a later date, Gulf States was removed from the definition of an "aggrieved party." *Id.*

■ Appellants further contend that their position is supported by the language in APA section 2001.174. Section 2001.174 provides in pertinent part that:

> If the law authorizes review of a decision in a contested case under the substantial evidence rule or if the law does not define the scope of judicial review, a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:
>
> (1) may affirm the agency decision in whole or in part; and
>
> (2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (A) in violation of a constitutional or statutory provision;
>
> (B) in excess of the agency's statutory authority;
>
> (C) made through unlawful procedure;
>
> (D) affected by other error of law;
>
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
>
> (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174 (West 1996). Specifically, a court can reverse or remand only if "substantial rights of the appellant have been prejudiced." In this case, appellants' substantial rights do not include the right to mold an agency determination such that it will better thwart future permit

applications by Sentry. No harm can be done to a substantial right that never existed. *Gulf States,* 883 S.W.2d at 751.

Appellants unsuccessfully attempt to qualify as aggrieved parties under the APA. Accordingly, we overrule appellants' first point of error.

## CONCLUSION

Because the trial court properly determined it lacked jurisdiction, we affirm the decision of the trial court dismissing appellants' claims. We do not, therefore, address points of error two through eight. *See* Tex. R.App.P. 90(a).