**In the Interest of Megan Nicole POOLE, a Minor Child.**

**No. 07–97–0195–CV.**

Court of Appeals of Texas, Amarillo.

July 14, 1998.

William E. Kelly, III, Canyon, for appellant.

Jolene Wilson-Glah & Associates, Jolene Wilson-Glah, Houston, for appellee.

Before BOYD, C.J., and DODSON and QUINN, JJ.

BOYD, Chief Justice.

This is an appeal from a modification of managing conservatorship by a Texas court of continuing jurisdiction after the child has established a new home state. For reasons we later state, we modify the trial court's order, and as modified, affirm the order.

Danny Keith Poole (Danny) and Kimberly Diane Miller (Kim) were married in early 1991. Megan, their daughter, was born in November of that year. In May 1993, the District Court for Dallam County rendered an agreed divorce decree dividing the couple's community property and appointing the parties as joint managing conservators of Megan. As relevant here, the decree also provided that the court:

> shall exercise its continuing jurisdiction in all future proceedings to modify custody, child support, and visitation [ ] notwithstanding the fact that the child and KIMBERLY DIANE POOLE may establish or may have established another home state.

Soon thereafter, Kim and Megan moved to Colorado. As part of a motion to modify support,.Kim asked that the court "eliminate the jurisdictional restrictions present in the Decree of Divorce." The trial court denied this request.

In April 1995, Kim filed a motion to modify the Texas court's decree in a Colorado district court. In July of that year, the Colorado court, in a written order detailing its reasoning, dismissed the motion for want of jurisdiction. It found that even if Colorado was then Megan's home state under the Uniform Child Custody Jurisdiction Act (UCCJA),[1] the Dallam County District Court had continuing jurisdiction by virtue of the original decree. In declining to exercise its con-

current jurisdiction, the Colorado court considered two primary factors. The first was Danny's continued presence in Texas. The second was the fact that there were outstanding orders from the Dallam County District Court which would only become effective in the future. Thus, the Colorado court concluded, Kim had failed to establish that Megan did not have significant connections to Texas and because of that, Texas was the proper forum to modify the decree.

In arriving at its decision, the Colorado court also considered the effect of the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, and found that it prevented the court from exercising its jurisdiction. Subsection (f) of that statute provides that when a court of one state makes an original custody determination and the child or one of the contestants in the proceeding continues to reside in that state, a court of another state may not modify that determination unless it has jurisdiction, and the court that made the original determination no longer has jurisdiction or it has declined to exercise its jurisdiction to modify the determination. 28 U.S.C. § 1738A(f). Because it found that Kim had not established that the Texas district court had lost or declined to exercise its jurisdiction, under the Act, the Colorado court concluded it could not exercise jurisdiction.

Approximately one month later, Kim and her second husband, David Miller, made a report to a Colorado social service agency in which they alleged Danny had sexually abused Megan. Kim then filed another motion in the Colorado District Court seeking to restrain Danny from visitation with Megan. This motion was also denied.

On September 11, 1995, Danny filed a motion to modify and a motion for enforcement of the court's prior decree. Overruling Kim's jurisdictional challenge, the trial court proceeded to a jury trial. In accordance with the jury's verdict, the trial court rendered an order on March 14, 1997, removing both parents as joint managing conservators, naming

---

1. Versions of this uniform act have been adopted in both Texas, Tex. Fam.Code Ann. § 152.001—.025 (Vernon 1996 & Supp.1998), and Colorado, C.R.S. 14–13–101, *et seq.* Variations between the Texas version and the uniform act will be addressed as they arise in the discussion of individual issues of this appeal.

Kim as sole managing conservator and naming Danny as possessory conservator. In the fifth numbered section of the order, entitled "Findings," appears the following paragraph:

*Jurisdictional Issue.* The court further finds that this Court does not retain jurisdiction to modify managing conservatorship but shall retain jurisdiction to modify possessory conservatorship, possession of or access to the child and support of the child.

It is this finding Danny now challenges.

In this appeal, Danny raises three issues. In the first two, he asserts the trial court erred in finding that it did not retain jurisdiction to modify managing conservatorship. In the third, he contends that if the court did not have jurisdiction to modify custody by virtue of the agreed divorce decree, "then the Order on Motion to Modify in Suit Affecting the Parent-child Relationship entered on March 14, 1997, is void for lack of jurisdiction and must be set aside."

Kim initially responds that the challenged portion of the modification order is merely a finding and may not form a basis for appeal. Therefore, she reasons, this court has no jurisdiction and must dismiss the appeal. We disagree with this conclusion for several reasons. Initially, we note in his third issue, Danny questions the trial court's jurisdiction, which is a valid basis for appeal regardless of the challenge to the individual provisions of the order. We also disagree with Kim's contention that Danny may not challenge the declaration regarding the trial court's continuing jurisdiction.

■ In support of her position that the jurisdictional provisions of the modification order may not be appealed, Kim relies upon *C.O.N.T.R.O.L. v. Sentry,* 916 S.W.2d 677 (Tex.App.—Austin 1996, writ denied), *cert. denied,* —— U.S. ——, 117 S.Ct. 2432, 138 L.Ed.2d 193 (1997), and *Champlin Exploration, Inc. v. Railroad Commission of Texas,* 627 S.W.2d 250 (Tex.App.—Austin 1982, writ ref'd n.r.e). However, our examination of those decisions reveals they do not support her position. Unlike the present case, both of the cited cases involve appeals from ad-

ministrative adjudications in which the appealing party had actually prevailed before the administrative agency. The relevant holding in both cases, as stated by the *Champlin* court, was that: "[a] party who has prevailed fully in the lower court is not entitled to appeal from the judgment solely for the purpose of attacking as erroneous the court's conclusions in support of its judgment." *Id.* at 251. Danny was not a prevailing party in this case. Moreover, the provision challenged was not merely a finding or conclusion in support of the order but was actually a decision by the court purporting to determine that court's jurisdiction in any future hypothetical action involving those issues.

Additionally, even assuming arguendo the provision was a mere finding, the *Champlin* court expressly recognized an exception to the general rule where the finding in question would operate as collateral estoppel or issue preclusion in a subsequent proceeding. *Id.* at 252. The trial court's statement as to its jurisdiction would certainly be asserted as issue preclusion in any future modification actions in that court. We hold Danny is entitled to challenge that portion of the trial court's order relating to its purported lack of jurisdiction to modify the managing conservatorship of the subject child. Kim's challenge to our jurisdiction is overruled.

■ Because it raises a question with regard to the trial court's jurisdiction to render its modification order, we initially address Danny's third issue. The Texas version of the UCCJA is contained in sections 152.001 through 152.025 of the Family Code. Central to determining jurisdiction under the UCCJA is the concept of a home state. That term is defined in section 152.002(6) as meaning the state in which the child has lived with at least one parent for at least six months. Section 152.003 defines and limits the jurisdiction of courts to make initial or modified child custody determinations. When Texas is not the home state of the child, a court may not make or modify a child custody determination unless one of the enumerated exceptions is met.[2] As applicable here, sub-

---

**2.** Because Texas is no longer Megan's home

state, the "continuing jurisdiction" of the District

section (a)(4)(B) provides that a court otherwise competent to make child custody determinations has jurisdiction when it is in the best interest of the child and another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child. Tex. Fam.Code Ann. § 152.003(a)(4)(B) (Vernon 1996). Those criteria are met here.

■ However, the Texas statute has a limitation in subsection (d) of section 152.003 which is not a part of the uniform version of the UCCJA. That limitation provides that a court may not exercise its continuing jurisdiction to modify custody[3] of a child if the child and parent with custody have established a new home state unless all of the parties have agreed in writing. The Dallam County District Court had acquired continuing jurisdiction by virtue of its prior decree appointing Danny and Kim as joint managing conservators. Tex. Fam.Code Ann. § 152.003 (Vernon 1996). We agree with Danny's argument that, because the trial court's 1993 decree was agreed to by both parties, it is a written agreement within the purview of section 152.003(d).

The 1993 decree was entitled "Agreed Final Decree of Divorce" and was signed by both parties individually acknowledging their approval as to both form and substance. The decree expressly provided:

> the 69th Judicial District Court in and for Dallam County, Texas shall exercise its continuing jurisdiction in all future proceedings to modify custody, child support and visitation concerning the child, MEGAN NICOLE POOLE, notwithstanding the fact that KIMBERLY DIANE POOLE may establish or may have established another home state.

Because both parties had expressly approved both the form and substance of the 1993 agreed decree, it was valid and sufficient to vest the trial court with jurisdiction to render

the March 14, 1997 modification order at issue here. Danny's third issue is overruled.

In his first and second issues, Danny questions the authority of the trial court to declare it did not retain jurisdiction to modify managing conservatorship. In his first issue, Danny argues Kim is contractually bound by the parties' agreement to recognize and accept the trial court's continuing jurisdiction. In his second issue, he contends the trial court erred in finding as part of its judgment that it did not retain jurisdiction to modify managing conservatorship because, in essence, it was an advisory opinion. Because this issue is dispositive of the remaining questions in this appeal, we will proceed to consider it.

■ It is well established that the separation of powers doctrine precludes courts from issuing advisory opinions because that is the function of the executive rather than the judicial branch. That is, the function of the judicial branch is to decide existing disputes. *Mayhew v. City of Sunnyvale,* 964 S.W.2d 922 (Tex.1998); *Texas Ass'n of Business v. Texas Air Control Board,* 852 S.W.2d 440, 444 (Tex.1993). The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties. *Id.* at 444 (citing *Alabama State Fed'n of Labor v. McAdory,* 325 U.S. 450, 461, 65 S.Ct. 1384, 1389, 89 L.Ed. 1725 (1945)). In conformity with this limitation, the Family Code provides for a trial court to decline to exercise its jurisdiction *before* making an initial or modification decree if it finds it is an inconvenient forum and that a court of another state is more appropriate. Tex. Fam.Code Ann. § 152.007(a) (Vernon 1996).

■ In this case, and in the challenged portion of the trial court's modification decree, the trial court did not decline to exercise its jurisdiction in accordance with section 152.007(a). Kim's assertion that the trial court "retains an absolute right to decline

---

Court in Dallam County was insufficient to authorize that court to exercise its jurisdiction. Tex. Fam.Code Ann. § 152.003(b) (Vernon 1996).

**3.** It should be stated that because "custody" is defined in the Family Code as "managing conser-

vatorship of a child," Tex. Fam.Code Ann. § 152.002(2) (Vernon 1996), this limitation does not apply to modification of visitation or support. *Welborn–Hosler v. Hosler,* 870 S.W.2d 323, 327 (Tex.App.—Houston [14th Dist.] 1994, no writ).

jurisdiction based on inconvenient forum" is contrary to the plain language of the statute. Not only does the statute set out the matters a trial court must consider, it unequivocally mandates that any decision to decline its jurisdiction must be made before making an initial or modification decree. Here, the trial court erred in attempting both to make a modification decree and to decline to exercise certain portions of its jurisdiction. The provision in question also violates the prohibition on advisory opinions in that it did not settle a present controversy between the parties, but attempted to determine that it would not have jurisdiction in some future dispute that might or might not be brought. Danny's second issue is sustained.

Our disposition of Danny's second issue requires us to modify the trial court's decree by striking the paragraph entitled "jurisdictional issue." Tex.R.App. P. 43.2(b). That action obviates the necessity for discussion of Danny's first issue. As modified, the judgment of the trial court is affirmed.