v.

**The STATE of Texas, Appellee.**

**Nos. 05–98–01343–CV, 05–98–00841–CV.**

Court of Appeals of Texas,
Dallas.

Nov. 9, 1998.

Victoria E. Abbott, Robert P. Abbott, Dallas, for Relator.

John C. Vance, Dist. Atty., Dallas, for Real Parties in Interest.

Before LAGARDE, JAMES and ROACH, JJ.

**OPINION**

LAGARDE, Justice.

B.J.M. wishes to appeal the trial court's order adjudicating him a child engaged in delinquent conduct and committing him to the Texas Youth Commission. On April 29, 1998, he timely filed a notice of appeal to invoke this Court's jurisdiction. On the same date, his guardian *ad litem* timely filed an affidavit, signed personally by her, asserting that B.J.M. was indigent and therefore entitled to a free appellate record.[1] On the same day, the district clerk filed a contest to the affidavit. The trial court conducted a hearing and announced that it would sustain the contest, but no formal, written order sustaining the contest was signed until May 29, 1998. Nor was there any order extending the time beyond the ten-day limit for ruling on the contest. *See* Tex.R.App. P. 20.1(i).

B.J.M. filed a petition for writ of mandamus. In the petition, he argued that he

---

1. These documents were filed by this Court in cause number 05–98–00841–CV. That cause was abated on September 4, 1998 pending the outcome of B.J.M.'s petition for writ of mandamus filed in cause number 05–98–01343–CV.

was entitled to a complete record for his appeal, without prepaying costs, because: (1) the order sustaining the contest to the affidavit was untimely; (2) his guardian *ad litem* had the legal authority to sign an affidavit on his behalf; and (3) in any case, he filed an affidavit that he personally signed within the original time limit for perfecting the appeal.

■ Traditionally, mandamus in the court of appeals has been the proper remedy to challenge a trial court's sustaining a contest to an affidavit of inability to pay costs. *See Allred v. Lowry,* 597 S.W.2d 353, 354 n. 2 (Tex.1980). On October 15, 1998, however, and while this proceeding was pending in this Court, the Texas Supreme Court held that mandamus would no longer lie under such circumstances, because there was an adequate remedy on appeal under the new Texas Rules of Appellate Procedure. *See In re Arroyo,* 988 S.W.2d 737, *passim* (1998) (per curiam). Accordingly, to the extent that B.J.M. has filed a petition for writ of mandamus to obtain the relief he requests, we deny the petition.

■ We do not end there, however. As the supreme court explained the new procedure,

> The court of appeals can and should, on motion or its own initiative, require the clerk and the court reporter under Rules 34.5(c)(1) and 34.6(d), respectively, to prepare and file the portions of the record necessary to review an order sustaining a contest to an affidavit of indigence. This has been the practice for obtaining the relevant record for mandamus review of such orders.

*Arroyo,* 988 S.W.2d at 739. The appendix to B.J.M.'s petition contains a sufficient record to permit our review. Were we simply to deny B.J.M.'s petition without more, we would compel B.J.M. to go to the effort, expense, and delay of refiling the petition as a prerecord motion in the appeal. Such a refiling would serve no useful purpose. The law does not require one to do a vain and useless thing. *See Mackey v. Lucey Prods. Corp.,* 150 Tex. 188, 239 S.W.2d 607, 608 (Tex.1951); *Gilley v. Anthony,* 404 S.W.2d 60, 64 (Tex.Civ.App.— Dallas 1966, no writ). Therefore, in the interest of judicial economy and to avoid the futility of B.J.M.'s refiling the same record we already have before us, we will treat his petition for writ of mandamus as a prerecord motion in the appeal that B.J.M. has already perfected, cause no. 05–98–00841–CV, styled *B.J.M. v. The State of Texas.*

■ We now turn to the merits of B.J.M.'s complaint. It is undisputed that B.J.M. filed his original affidavit of indigency on April 29, 1998, and that the trial court did not rule upon the contest until May 29, 1998, without any signed order extending the time to hear the contest. The order sustaining the contest was therefore untimely. *See* Tex.R.App. P. 20.1(i)(2), (3). That the trial court orally sustained the contest during a hearing on May 7, 1998, is of no effect; an oral ruling on an affidavit of indigency is not sufficient to comply with the requirements of the rules. *Grossnickle v. Turner,* 903 S.W.2d 362, 364 (Tex.App.—Texarkana 1995, orig. proceeding). Therefore, B.J.M. will be allowed to proceed without advance payment of costs. *See* Tex.R.App. P. 20.1(i)(4). In light of our disposition of B.J.M.'s first issue, it is not necessary to reach the remaining issues.

We grant B.J.M. the relief he requests, and we direct the trial court to ensure that the district clerk and the court reporter file a complete record, for purposes of B.J.M.'s appeal on the merits in cause number 05–98–00841–CV. Because the record is already long overdue and because B.J.M.'s liberty interest is at stake, we direct the trial court to ensure that the record is filed with the Clerk of this Court within thirty days of the date of this opinion.