In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-155 CV


____________________



IN RE DEWAYNE KEITH SPRIGGS






Original Proceeding






OPINION


 Dewayne Keith Spriggs filed this petition for writ of mandamus, which seeks to
compel the Honorable Joe Bob Golden, judge of the 1st District Court of Jasper County,
Texas, to vacate his order denying Spriggs's plea in abatement and to abate the petition to
modify an order affecting parent-child relationship until the court of continuing jurisdiction
decides whether to retain the case on its docket or to relinquish jurisdiction to the 1st
District Court. The pertinent facts are not in dispute.

 A 1999 joint custody consent decree of the 16th Judicial District Court of St. Martin
Parish, Louisiana, appointed the real party in interest, Regina Roger, as the primary
domiciliary parent. The decree prohibited either parent from removing the child from the
jurisdiction of the Louisiana Court without prior court approval. Ms. Roger and the child,
P.M.S., moved to Jasper County in April 2000. Alleging the father violated the Louisiana
possession order, Roger filed separate habeas corpus and modification petitions in the 1st
District Court on February 22, 2002. That same day, Mr. Spriggs obtained an order from
the 16th District Court setting a show cause hearing for May 29, 2002.

 On March 15, 2002, Judge Golden entered a temporary order that appointed the
mother as temporary sole managing conservator of the child. The order of the Texas
district court prohibited Spriggs from removing the child from the jurisdiction of the court. 
Spriggs is a resident of Lafayette, Louisiana. Spriggs filed a plea in abatement, which
alleged the Louisiana district court maintained dominant jurisdiction. Judge Golden denied
the plea in abatement. 

 In this case, there are no allegations or findings to support temporary emergency
jurisdiction. See Tex. Fam. Code Ann. § 152.204 (Vernon Supp. 2002). Any exercise
of the Texas court's jurisdiction to modify the custody order is governed by Section
152.203. See Tex. Fam. Code Ann. § 152.203 (Vernon Supp. 2002). Because the child
resides in Texas, the first prong of Section 152.203, referencing Tex. Fam. Code Ann.
§ 152.201 (Vernon Supp. 2002), is satisfied. Spriggs is still a Louisiana resident, so the
other prong of Section 152.203 can only be met if the Louisiana court determines it no
longer has exclusive continuing jurisdiction or that the Texas court would be a more
convenient forum. Because there is a pending child custody proceeding in the court of
continuing jurisdiction, which has not yet determined whether to relinquish jurisdiction to
the Texas court, the Texas court must stay the proceedings in its court. See Tex. Fam.
Code Ann. § 152.206 (Vernon Supp. 2002). 

 Mandamus is appropriate when a Texas court has asserted jurisdiction over a child
custody matter in contravention of the Uniform Child Custody Jurisdiction and
Enforcement Act. See Geary v. Peavy, 878 S.W.2d 602, 603 (Tex. 1994). The petition
for writ of mandamus is therefore conditionally granted. The writ will issue only if the
trial court fails to take appropriate action in accordance with this opinion.

 WRIT CONDITIONALLY GRANTED.

 

 _______________________________

 RONALD L. WALKER

 Chief Justice


Submitted on May 13, 2002

Opinion Delivered May 24, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.



DISSENTING OPINION


 I respectfully dissent. We are to review the trial court's decision NOT to abate
under an abuse of discretion standard. Although the majority describes some of the
procedural steps taken by the parties, they neglect to mention several. Sometime before
March 15, 2002, Mr. Spriggs was served with the Jasper County litigation (1) and filed a
"Defendant's Answer and Motion to Continue". (2) On March 15, a temporary hearing was
held and temporary orders entered setting the final hearing for April 5, 2002. (3) It was not
until April 1, 2002, that Spriggs filed his "First Amended Special Appearance, Plea in
Abatement and Answer."

 A party who urges a plea in abatement has the burden of proving by a
preponderance of the evidence at the hearing on such plea the facts that are alleged in the
plea as grounds for abating and dismissing the plaintiff's case. The one exception to this
rule is where the allegations of plaintiff's petition establish the grounds urged in the plea
in abatement. In this instance, the offer of evidence by the one urging the plea is
unnecessary. Except where this exception applies, if the person urging the plea in
abatement presents it without proving up the grounds urged in the plea by evidence, he
waives the plea in abatement. These rules are applicable even though the plea in abatement
is verified. The verification of the plea does not do away with the requirement that the one
urging the plea prove the grounds by a preponderance of the evidence at the time the plea
is presented to the court. Brazos Elec. Power Coop., Inc. v. Weatherford Indep. Sch.
Dist., 453 S.W.2d 185, 188-89 (Tex. Civ. App.--Fort Worth 1970, writ ref'd n.r.e.), and
cases cited therein.

 Ms. Roger's petition does not establish that the Louisiana court is the court of
exclusive continuing jurisdiction, See Tex. Fam. Code Ann. § 152.202 (Vernon Supp.
2002). It merely states: "The order to be modified is entitled 'Consent Judgment' and was
rendered on March 23, 1999." (4) It further states: "This court has jurisdiction by virtue
of Petitioner and her child having been residents of Jasper County for 22 months." 
Consequently, the majority cannot rely on the exception; this court must have a record of
the hearing before we can decide if there was an abuse of discretion by the trial court. Mr.
Spriggs has not filed such a record, therefore this court should have no choice but to deny
the mandamus. See Upchurch v. Albear, 5 S.W.3d 274, 277 (Tex. App.--Amarillo 1999,
pet. denied); Henry S. Miller Co. v. Bynum, 797 S.W.2d 51, 57 (Tex. App.--Houston [1st
Dist.] 1990), aff'd, 836 S.W.2d 160 (Tex. 1992); 4M Linen & Uniform Supply Co., Inc.
v. W.P. Ballard & Co., Inc., 793 S.W.2d 320, 322-23 (Tex. App.--Houston [1st Dist.]
1990, writ denied).

 There is another and more compelling reason why the mandamus should be denied. 
In In re Daley, 29 S.W.3d 915, 921 (Tex. App.--Beaumont 2000, no pet.), Chief Justice
Walker stated in a dissent: "Thus, I stand on the time-tested maxim, 'lex non praecipit
inutilia, quia inutilis labor stultus,' which translates as 'the law commands not useless
things, because useless labor is foolish.' BLACK'S LAW DICTIONARY 912 (6th ed.
1990)." Other cases have noted the axiom, "The law does not require a useless thing." 
See Allen v. State, 552 S.W.2d 843, 846 (Tex. Crim. App. 1977); Mackey v. Lucey Prods. 
Corp., 150 Tex. 188, 239 S.W.2d 607, 608 (1951); B.J.M. v. State, 997 S.W.2d 626, 
627 (Tex. App.--Dallas 1998, no pet.); Sims v. State, 980 S.W.2d 538, 541 (Tex. App.--Beaumont 1998, no pet.).

 The initial issue in determining jurisdiction under the Uniform Child Custody
Jurisdiction and Enforcement Act is the concept of a home state. That term is defined in
Tex. Fam. Code Ann. § 152.102 (7) (Vernon Supp. 2002) as meaning the state in which
the child has lived with at least one parent for at least six months. Tex. Fam. Code Ann.
§ 152.201-.204 (Vernon Supp. 2002) defines and limits the jurisdiction of courts to make
initial or modified child custody determinations. Whenever a state is not the home state
of the child, a court of that state may not make or modify a child custody determination
unless one of the enumerated exceptions is met. In the Interest of Poole, 975 S.W.2d 342,
345 (Tex. App.--Amarillo 1998, no pet.). Under this record it is clear that the Jasper
County Court is the court of dominant jurisdiction and ultimately should determine the
modification issues. (5) Since "the law does not require one to do a vain and useless thing,"
B.J.M., 997 S.W.2d at 627, I would deny the petition for mandamus and allow the Jasper
County court to proceed. 




 DON BURGESS

 Justice


Dissent Delivered

May 24, 2002

Do not publish
1. Mr. Springs avers, in his answer, that this was March 7, 2002.
2. Ms. Roger, in her reply to the mandamus, avers this was filed March 14, 2002, but
there is no file mark on the instrument attached to the reply.
3. We can only assume this hearing was not held since the petition for mandamus was
filed on April 15, 2002. 
4. This pleading may be deficient under Tex. Fam. Code Ann. §102.008 (b) (Vernon
Supp. 2002), but that is a separate issue.
5. There is a hearing scheduled in the Louisiana Court for May 29, 2002. Whether
that court will maintain jurisdiction or transfer jurisdiction to the Jasper Court is unknown.