# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00094-CV

**City of Galveston and Texas Commission on Environmental Quality, Appellants**

**v.**

**Flagship Hotel, Ltd., Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-09-000651, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

## O P I N I O N

This case involves an administrative determination by appellant Texas Commission on Environmental Quality (TCEQ) that it has no jurisdiction over a dispute between appellee Flagship Hotel, Ltd. and appellant City of Galveston. Flagship sought a determination from TCEQ that the agency had no jurisdiction over the dispute, and TCEQ issued a final order in the case to that effect. Flagship then filed suit in district court appealing and challenging the result that it had requested. We conclude that Flagship is not aggrieved by TCEQ's final order and, therefore, is not entitled to judicial review under section 2001.171 of the Administrative Procedure Act (APA). We dismiss Flagship's suit for lack of subject-matter jurisdiction.

### Factual and Procedural Background

At all times relevant to this lawsuit, Flagship was the lessee and operator of the Flagship Hotel—located on a pier in Galveston, Texas—and the City was the lessor and owner.

During the 1990s, a dispute arose between the City and Flagship regarding amounts owed for municipal water service provided to the hotel.

Flagship filed suit in Galveston County against the City and in 2001 obtained a temporary restraining order enjoining the City from discontinuing water service to the hotel. The City appealed the temporary injunction. In March 2002, the First Court of Appeals held that the trial court lacked jurisdiction to issue the injunction because the Texas Natural Resource Conservation Commission (TNRCC)—the predecessor agency to TCEQ—had exclusive appellate jurisdiction over the City's order, based on Texas Water Code section 13.042(d). *See City of Galveston v. Flagship Hotel, Ltd.*, 73 S.W.3d 422, 426-27 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also* Tex. Water Code Ann. § 13.042(d) (West 2008) ("The commission shall have exclusive appellate jurisdiction to review orders or ordinances of those municipalities as provided in this chapter."). Four days later, Flagship requested an emergency order from TNRCC with respect to the dispute. TNRCC did not issue any ruling at that time, but a TNRCC employee replied by letter that the agency "has no jurisdiction to issue an emergency order in this matter." Nine days later, the Galveston County district court entered a final judgment based on both parties' motions for summary judgment on the remaining issues. Both parties appealed the judgment. In addition to addressing other portions of the district court's judgment, the Texarkana Court of Appeals found the First Court of Appeals' reasoning in the previous appeal "persuasive," and held that Flagship had to exhaust its administrative remedies through TCEQ. *See Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 562-63 (Tex. App.—Texarkana 2003, pet. denied).

In April 2007, Flagship filed with TCEQ an "Amended Petition for Review of the City of Galveston with Respect to the City of Galveston's Failure to Refund Sums Paid to Avoid

Disconnection of Water Service." Flagship requested that TCEQ rule on its jurisdiction to hear the dispute between the City and Flagship—the same subject matter over which the two courts of appeals had held TCEQ has exclusive appellate jurisdiction. In the petition, Flagship prayed that:

> [TCEQ] set this matter for hearing on the issue of jurisdiction and issue a final ruling that [TCEQ] has no jurisdiction over this dispute and [Flagship] is free to pursue its claims against the City of Galveston in a state court.

Alternately, Flagship prayed that:

> In the unlikely event that [TCEQ] holds that it has jurisdiction over this matter, [Flagship] requests that [TCEQ] review the City of Galveston's failure to refund certain sums [Flagship] paid to avoid disconnection of its water service and, after a hearing on the same, order the City of Galveston to refund the amount [Flagship] paid to avoid disconnection of its water service, and for such other and further relief to which [Flagship] may be justly entitled.

TCEQ referred the case to the State Office of Administrative Hearings (SOAH). The SOAH administrative law judge, in turn, certified to TCEQ the question of whether TCEQ has exclusive appellate jurisdiction to review orders of a governing municipality pursuant to water code section 13.042(d). TCEQ answered the certified question in the negative. According to TCEQ, the City of Galveston is a municipally owned utility. *See* Tex. Water Code Ann. § 13.002(13) (West 2008). The water code states that TCEQ does not have jurisdiction to regulate or supervise the rates or service of a utility owned and operated by a municipality within its corporate limits. *See id.* § 13.042(f); *see also id.* § 13.043(a) (West 2008) ("Any party to a rate proceeding before the governing body of a municipality may appeal the decision of the governing body to the commission. This subsection does not apply to a municipally owned utility."). Based on TCEQ's answer, the

3

administrative law judge dismissed the case from SOAH's docket. On February 23, 2009, TCEQ issued a final order dismissing Flagship's petition for lack of jurisdiction.

Upon obtaining a final ruling that TCEQ has no jurisdiction over the dispute, however, Flagship did not pursue its claims against the City. Instead, Flagship filed suit in Travis County district court on February 27, 2009, seeking reversal of TCEQ's final order that it lacked jurisdiction. *See* Tex. Gov't Code Ann. § 2001.176(a), (b) (West 2008). Appellants filed pleas to the jurisdiction. On January 20, 2010, the district court denied appellants' pleas to the jurisdiction. Appellants filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008).

*Analysis*

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject-matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate subject-matter jurisdiction are questions of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a plea to the jurisdiction challenges the plaintiff's pleadings as to a cause of action, we determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, then the plea should be granted. *See id.* at 227.

Governmental immunity from suit deprives a trial court of subject-matter jurisdiction for lawsuits in which the State or certain governmental units have been sued, unless the State

4

consents to suit. *See id.* at 224. Flagship relies on section 2001.171 of the APA for waiver of immunity. *See Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004) (concluding that section 2001.171 provides limited waiver of sovereign immunity). Section 2001.171 provides that a person "who is aggrieved by a final decision in a contested case" is entitled to judicial review. *See* Tex. Gov't Code Ann. § 2001.171 (West 2008).

Appellants contend that Flagship is not "aggrieved" because it obtained from TCEQ the very relief it requested. We agree. The primary relief Flagship sought was a ruling that TCEQ was without jurisdiction, and this is precisely the relief Flagship received. A party is not aggrieved for purposes of APA section 2001.171 by a final order that provides the result that party sought.[1]

Flagship contends that it is aggrieved by TCEQ's final order because there is now no forum for its dispute against the City. Two courts of appeals declined to hear the dispute based on their conclusion that TCEQ had exclusive appellate jurisdiction, and TCEQ determined that it did not have appellate jurisdiction. However, before each tribunal, Flagship took the position that TCEQ did not have jurisdiction. Therefore, to the extent that Flagship is aggrieved, it is the result of the decisions by the courts of appeals, not the final order by TCEQ. Section 2001.171 of the APA requires not that the person merely be aggrieved, but that the person be aggrieved by the final decision in the contested case. *See id.*

This case is similar to *GTE Southwest Inc. v. Public Utility Commission*, 37 S.W.3d 546 (Tex. App.—Austin 2001, no pet.). In that case, the plaintiff, GTE, had sought dismissal by the

---

[1] Flagship argues it should not be prejudiced by the fact that it "raised the issue" of jurisdiction when TCEQ would have raised the issue even if Flagship had not. However, Flagship did more than merely raise the issue. Flagship requested the very result that TCEQ reached.

state agency of an application made by another party, and the agency dismissed the application, but on a separate basis than that requested by GTE. *See* 37 S.W.3d at 547-48. GTE sought judicial review so as to challenge two conclusions of law in the agency's final order. *See id.* at 548-49. This Court held that GTE was not "aggrieved" as that term is used in APA section 2001.171 because, although the agency issued conclusions of law that were contrary to GTE's interests, GTE obtained the relief it requested in the final order itself and did not challenge that order. *See id.* at 549. Here, as in *GTE Southwest*, Flagship received the final order that it requested. Therefore, as in *GTE Southwest*, Flagship is not aggrieved as that term is used in APA section 2001.171.

Because Flagship received the relief it requested, it is not aggrieved by TCEQ's final decision. Consequently, the district court lacks jurisdiction to entertain Flagship's petition for judicial review of the administrative decision. *See C.O.N.T.R.O.L. v. Sentry Envtl., L.P.*, 916 S.W.2d 677, 678-79 (Tex. App.—Austin 1996, writ denied). We reverse the district court's denial of appellants' pleas to the jurisdiction and dismiss Flagship's suit for lack of subject-matter jurisdiction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Reversed and Dismissed

Filed:   August 27, 2010

6