### In re Gordon Dean HALEY.

### No. 13–05–626–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Oct. 14, 2005.

Gordon Dean Haley, Corpus Christi, pro se.

Lamar G. Clemons, English, Clemons & Rodriguez, Corpus Christi, for real party in interest.

Before Chief Justice VALDEZ and Justices CASTILLO and GARZA.

### OPINION

Opinion by Justice CASTILLO.

The question presented is whether the relator, Gordon Dean Haley, may compel the respondent by writ of mandamus to furnish him a transcription of the court reporter's notes without cost for the purpose of his civil appeal. We deny the application.

### I. Background

The limited record before us shows that relator filed an affidavit of indigence in the underlying civil proceeding, an amended motion requesting the trial court vacate the indigency hearing, and a third request for a reporter's record with the court reporter's affidavit attached as an exhibit.[1] Relator asserts, among other things, that

---

1. The court reporter's affidavit contains the reasons for the untimely filing of the contest to relator's application.

(1) the court reporter did not timely file a contest, *see* Tex.R.App. P. 20.1(e),[2] (2) the trial court improvidently convened a hearing on the court reporter's untimely contest, *see* Tex.R.App. P. 20.1(f),[3] and (3) the trial court improperly sustained the contest and denied his application for a free reporter's record.

## II. Standard of Review

 Mandamus relief is appropriate only: (1) to correct a clear abuse of discretion or the violation of a duty imposed by law; and (2) there is no adequate appellate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)).

## III. Analysis

Relator labors under a heavy burden. The record before us does not comport with the procedural requirements for extraordinary relief because the documents attached to relator's application are not certified. *See* Tex.R.App. P. 52.7(a)(1). Further, a certified copy of the complained-of order is not before us. *Id.; see also* Tex.R.App. P. 33.1(a)(2)(A). More importantly, the Texas Supreme Court has held that mandamus relief is not appropriate under these circumstances because there is an adequate remedy by appeal for review of an order sustaining a contest to an affidavit of indigence. *See In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex.1998); *Packer*, 827 S.W.2d at 839.

## IV. Conclusion

Because the record before us is insufficient, *see* Tex.R.App. P. 52.7(a)(1), and be-

cause relator has not shown that remedy by appeal is inadequate, *see Arroyo*, 988 S.W.2d at 738–39, we deny relator's application for writ of mandamus.

---

2. "The contest must be filed on or before the date set by the clerk if the affidavit was filed in the appellate court, or within 10 days after the date when the affidavit was filed if the affidavit was filed in the trial court." Tex. R.App. P. 20.1(e).

3. "Unless a contest is timely filed, no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." Tex.R.App. P. 20.1(f).