NUMBER 13-05-626-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

IN RE GORDON DEAN HALEY

                                                                                         

 

 

                      On Petition for
Writ of Mandamus 

 

 

 

                              O P I N I O N

 

          Before Chief Justice Valdez
and Justices Castillo and Garza

                                  Opinion
by Justice Castillo

 

The question presented is whether the relator, Gordon Dean Haley,  may compel the respondent by writ of mandamus
to furnish him a transcription of the court reporter's notes without cost for
the purpose of his civil appeal.  We deny
the application.

I.  Background








The limited record before us shows that relator filed an affidavit of
indigence in the underlying civil proceeding, an amended motion requesting the
trial court vacate the indigency hearing, and a third request for a reporter's
record with the court reporter's affidavit attached as an exhibit.[1]  Relator asserts, among other things, that
(1)  the court reporter did not timely
file a contest,  see Tex. R. App. P. 20.1(e),[2]
(2) the trial court improvidently convened a hearing on the court reporter's
untimely contest, see Tex. R.
App. P. 20.1(f),[3]
and (3) the trial court improperly sustained the contest and denied his
application for a free reporter's record. 

II.  Standard of Review

Mandamus relief is appropriate only: 
(1) to correct a clear abuse of discretion or the violation of a duty
imposed by law; and (2) there is no adequate appellate remedy by law. Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (citing Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)).

III.  Analysis








Relator labors under a heavy burden. 
The record before us does not comport with the procedural requirements
for extraordinary relief because the documents attached to relator's application
are not certified.  See Tex. R. App. P. 52.7(a)(1).  Further, a certified copy of the
complained-of order is not before us.  Id.;
see also Tex. R. App. P.
33.1(a)(2)(A).  More importantly,  the Texas Supreme Court has held that
mandamus relief is not appropriate under these circumstances because there is
an adequate remedy by appeal for review of an order sustaining a contest to an
affidavit of indigence.  See In re
Arroyo, 988 S.W.2d 737, 738‑39 (Tex. 1998); Packer, 827 S.W.2d
at 839.  

IV.  Conclusion

Because the record before us is insufficient, see Tex. R. App. P. 52.7(a)(1),  and because relator has not shown that remedy
by appeal is inadequate, see Arroyo, 988 S.W.2d at 738‑39, we deny
relator's application for writ of mandamus. 


 

ERRLINDA
CASTILLO

Justice

 

Opinion delivered and
filed this 

the 14th day of
October, 2005

 











[1]The court reporter's affidavit
contains the reasons for the untimely filing of the contest to relator's
application.





[2]"The contest must be filed on
or before the date set by the clerk if the affidavit was filed in the appellate
court, or within 10 days after the date when the affidavit was filed if the
affidavit was filed in the trial court." 
Tex. R. App. P.
20.1(e).  





[3]"Unless a contest is timely
filed, no hearing will be conducted, the affidavit's allegations will be deemed
true, and the party will be allowed to proceed without advance payment of
costs."  Tex. R. App. P. 20.1(f).