COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-038-CV

 

 

IN THE INTEREST OF K.J.M., K.H.M., AND A.K.M.                                    

 

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Bobbi J. M. is
attempting to appeal the trial court=s order
sustaining a contest to her claim of indigence filed in connection with a child
support enforcement action.  Because this
order is not appealable, we dismiss the appeal for want of jurisdiction.








On August 8, 2007, the trial court entered an AOrder of
Enforcement by Contempt and Suspension of Commitment@ against
appellant; appellant subsequently asked the trial court to appoint her an
attorney to file a petition for writ of habeas corpus.  The trial court found that appellant was
indigent and signed an order appointing her counsel on September 27, 2007.  Appellant=s
ex-husband then filed a contest to her claim of indigence.  The trial court heard the contest on November
15, 2007, and found that appellant is not indigent and is not entitled to a
court-appointed attorney to pursue a writ of habeas corpus with regard to the
contempt order.  Appellant then filed a
notice of appeal challenging the trial court=s
refusal to provide her with a court-appointed attorney.[2]

On February 4, 2008, this court notified
appellant of our concern that the court lacked jurisdiction over this appeal
because the order does not appear to be an appealable order or judgment.  We informed appellant that unless she or any
party desiring to continue the appeal filed a response showing grounds for
continuing the appeal, the appeal would be dismissed for want of
jurisdiction.  See Tex. R. App. P. 42.3(a).  We have received no response.








A party may appeal only from a final judgment or
an interlocutory order specifically made appealable by statute or rule.  Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 195 & n.12 (Tex. 2001); see, e.g., Tex. Civ. Prac. & Rem. Code Ann. ' 51.014
(Vernon Supp. 2007) (listing appealable interlocutory orders).  The trial court=s AOrder
Sustaining Contest to Finding Regarding Indigence@ for
purposes of appellant=s contemplated habeas proceeding
is not a final judgment, nor is there any statute or rule authorizing an appeal
from such an order.[3]  Therefore, because there is no final judgment
or appealable interlocutory order, we dismiss this case for want of
jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

PER
CURIAM

 

PANEL D:   MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED: March 13, 2008











[1]See Tex. R. App. P. 47.4.





[2]This court received appellant=s notice of appeal on
November 29, 2007, but the trial court did not sign a written order on the
ex-husband=s contest to appellant=s claim of indigence
until January 18, 2008.  Therefore, her
prematurely filed notice of appeal was effective and deemed filed on the same
day that the trial court signed the complained-of order.  See Tex.
R. App. P. 27.1(a).





[3]In contrast, a trial
court=s indigency ruling within
the context of an already pending appeal is appealable.  See In re Arroyo, 988 S.W.2d 737,
738-39 (Tex. 1998) (orig. proceeding).