**Dismissed and Memorandum Opinion filed November 15, 2011.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-11-00493-CV**

_____

**HAROLD B. MASON, Appellant**

**V.**

**TERRANCE L. SMALLWOOD, Appellee**

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 990084**

## M E M O R A N D U M   O P I N I O N

Appellant filed a *pro se* notice of appeal from an order signed May 11, 2011. According to information provided to this court, it appeared that the order was interlocutory and appellant was attempting to appeal from an order to pay costs in the trial court. In addition, appellant filed a motion to proceed *in forma pauperis* in this court. On September 8, 2011, this court ordered a partial record concerning appellant's claim of indigence so that we could ascertain whether this court has jurisdiction over this attempted

appeal.  *See In re Arroyo*, 988 S.W.2d 737, 738-39 (Tex. 1998).  That record has now been filed.

The partial clerk's record contains the order signed May 11, 2011, sustaining the County Clerk's contest to appellant's affidavit of indigence and requiring him to pay the filing fee and other costs of suit.  It is apparent from this record that the order is interlocutory and no final judgment has been signed.

Generally, appeals may be taken only from final judgments.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be appealed only if permitted by statute.  *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  There is no statutory provision for an interlocutory appeal from an order requiring the payment of costs of suit.

On October 10, 2011, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before October 25, 2010.  *See* Tex. R. App. P. 42.3(a).  In response, appellant filed a petition for writ of mandamus, which has been docketed under our case number 14-11-00934-CV.  Appellant has not established that this court has jurisdiction over the appeal.

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.