In re Edgar Santos ARROYO, Relator.

In re Michael James Holloway, Relator.

Nos. 98–0152 and 98-0161.

Supreme Court of Texas.

Oct. 15, 1998.

Edgar Santos Arroyo, Rosharon, for Relator in No. 98-0152.

Kenneth W. Lindsey, Paul J. Smith, Houston, for Respondent in No. 98-0152.

Michael James Holloway, Abilene, for Relator in No. 98-0161.

Alan L. Busch, Joyce Horner, Dallas, for Respondent in No. 98-0161.

PER CURIAM.

The common issue presented in these two original mandamus proceedings is whether, after the 1997 amendments to the Texas Rules of Appellate Procedure, appeal affords adequate relief from an order sustaining a contest to an affidavit of indigence and thus requiring advance payment of appellate costs, so that review by mandamus is no longer available. We hold that the amended rules make appeal an adequate remedy, and accordingly we deny both petitions.

Relator Michael T. Holloway's appeal from an adverse judgment in the trial court is pending in the court of appeals. The record has not been filed because Holloway has not paid the cost for it in advance, and the trial court sustained a contest to his affidavit of indigence that, under Rule 20 of the Texas Rules of Appellate Procedure,[1] would have relieved him of the obligation of advance payment of appellate costs. Holloway unsuccessfully petitioned the court of appeals for mandamus directing the trial court to vacate its order, and then petitioned this Court for the same relief. Relator Edgar Santos Arroyo is in the same situation in a separate appeal, except that the trial court in his case sustained a contest to his affidavit of indigence only to the extent that he be required to pay $10 costs in advance.

■■■ Before the 1997 amendments to the Rules of Appellate Procedure, a party who could not pay appellate costs in advance as required by law could perfect an appeal only by filing an affidavit of indigence.[2] If the trial court sustained a contest to the affidavit, the party had no means of invoking the jurisdiction of the appellate court, and thus the only avenue for review was mandamus.[3] Now, however, Rule 25.1(a) provides that a party may perfect an appeal merely by filing a notice of appeal. Providing security for costs is no longer a prerequisite to invoking the court of appeals' jurisdiction. Thus, an indigent party is no longer precluded from perfecting appeal and challenging the trial court's order sustaining a contest to the party's affidavit of indigence. If a party is required to pay for preparation of the appellate record and does not do so or make arrangements to do so, Rule 35.3 excuses the clerk and court reporter from filing the rec-

---

1. All references to rules are to the Texas Rules of Appellate Procedure.

2. Tex.R.App. P. 40(a)(3), 707–708 S.W.2d (Tex. Cases) li (1986, superseded 1997).

3. *Allred v. Lowry,* 597 S.W.2d 353, 354 n. 2 (Tex.1980); *Goffney v. Lowry,* 554 S.W.2d 157, 158 (Tex.1977); *Smith v. McCorkle,* 895 S.W.2d 692, 693 (Tex.1995) (per curiam); *In re Jones,* 966 S.W.2d 492, 493 (Tex.1998) (per curiam).

ord, and Rule 37.3(b) provides that the appeal may be dismissed for want of prosecution.

■ This avenue of appeal is not adequate, however, unless the indigent party can obtain the record pertaining to the trial court's ruling sustaining the contest to the affidavit of indigence.[4] The court of appeals can and should, on motion or its own initiative, require the clerk and court reporter under Rules 34.5(c)(1) and 34.6(d), respectively, to prepare and file the portions of the record necessary to review an order sustaining a contest to an affidavit of indigence. This has been the practice for obtaining the relevant record for mandamus review of such orders.[5] The burden of obtaining the relevant portions of the record in this manner should be minimal. If the court of appeals determines that the order sustaining a contest to an affidavit of indigence should be reversed, the appellant can then obtain a full record under Rules 34.5(c)(1) and 34.6(d), and can supplement his or her briefing under Rule 38.7.

■ Pending resolution of an appellant's challenge to an order sustaining a contest to an affidavit of indigence, Rule 35.3(c) precludes the court of appeals from dismissing the appeal for appellant's failure to file the complete record, since the failure in such circumstances would not be appellant's fault. The court of appeals should also defer the payment of fees under Rule 5 until it determines whether payment is due. Once the trial court's ruling is affirmed, however, the appeals court may dismiss the appeal under Rule 37.3(b) if appellant fails to file the clerk's record, and may require payment of all fees due.

Thus, the amended Rules of Appellate Procedure provide not only an adequate appellate mechanism [6] for review of an order sustaining a contest to an affidavit of indigence, but one which is functionally identical to mandamus review used previously. This ad-

equate appellate remedy precludes mandamus relief, and therefore Holloway's and Arroyo's petitions are denied.

---

**4.** *See National Union Fire Ins. Co. v. Ninth Court of Appeals,* 864 S.W.2d 58, 61 (Tex.1993).

**5.** *See, e.g., Cronen v. Smith,* 812 S.W.2d 69, 70 (Tex.App.—Houston [1 st Dist.] 1991, orig. proceeding).

**6.** *See Pat Walker & Co. v. Johnson,* 623 S.W.2d 306, 309–10 (Tex.1981) (concluding the party had an adequate remedy at law to challenge court of appeals' denial of motion to extend time to file record, even while absence of record would no doubt be fatal to appeal of merits).