**In the Interest of G.C., a Minor Child.**

**No. 2–99–003–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 12, 1999.

Rehearing Overruled Aug. 24, 2000.

Simon C. Gonzalez, Fort Worth, for Appellant.

Glen Wilson, Parker County Atty., Cheryl McNair, Asst. Parker County Atty. of

Weatherford, Decker, Jones, McMackin, McClane, Hall, Bates, Randy J. Hall, Fort Worth, for Respondent.

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

## OPINION

PER CURIAM.

In this appeal, appellant Francisca Marines has failed to pay or make arrangements to pay for the appellate record. Accordingly, we dismiss her appeal for want of prosecution.

Marines attempts to appeal the termination of her parental rights in G.C. She filed a petition for writ of mandamus challenging the trial court's ruling on the contest to her affidavit of indigency. Although mandamus is no longer the appropriate remedy to challenge such a ruling, see In re Arroyo, 988 S.W.2d 737, 739 (Tex.1998) (orig.proceeding), we reviewed the record and concluded that the trial court did not abuse its discretion in ruling that Marines was not indigent for purposes of her appeal. Accordingly, we denied the petition. In re Marines, No. 2–99–084–CV, slip op. at 2 (Tex.App.—Fort Worth June 1, 1999, orig. proceeding) (op. on reh'g) (not designated for publication). We further ordered Marines to pay or make arrangements to pay for the appellate record in her underlying appeal by June 11 and stated that if she did not, we would dismiss the appeal for want of prosecution. See TEX.R.APP. P. 37.3(b), 42.3(c). This deadline was later extended to July 8 on Marines's motion. The extension order again specifically warned Marines that if she did not make payment by July 8, we would dismiss the appeal for want of prosecution.

Marines then sought mandamus relief from the Texas Supreme Court on July 7. The court denied her petition and motion for emergency relief on July 8. In re Marines, 42 Tex. Sup.Ct. J. 1048 (July 8, 1999). Marines has not paid or made arrangements to pay for the appellate record. Accordingly, we dismiss the appeal for want of prosecution. See TEX.R.APP. P. 37.3(b); In re Arroyo, 988 S.W.2d at 739 ("Once the trial court's ruling is affirmed, however, the appeals court may dismiss the appeal under Rule 37.3(b) if appellant fails to file the clerk's record, and my require payment of all fees due.").