Dismissed and Opinion filed March 13, 2003









Dismissed and Opinion filed March 13, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01156-CV

____________

 

RALPH O. DOUGLAS, Appellant

 

V.

 

SAMUEL D. ADAMO, Appellee

 



 

On
Appeal from the 269th District Court

Harris
County, Texas

Trial
Court Cause No. 01-10865

 



 

M E M O R A N D U M  O P I N I O N

This is an appeal from a judgment signed August 23,
2002.  Appellant filed his notice of
appeal and a pro se application to proceed in forma pauperis.  On October 3, 2002, the Harris County
District Clerk filed a contest to appellant=s affidavit of inability to pay
costs.  The contest was set for
submission before the trial court on October 11, 2002.  On October 11, 2002, the trial court signed
an order sustaining the district clerk=s contest.








On December 2, 2002, appellant filed a motion with this Court
requesting that we review the trial court=s order sustaining the contest to his
affidavit of indigence.  The Texas
Supreme Court has determined that, under the amended rules of appellate
procedure, an indigent party may obtain the record pertaining to the trial
court=s ruling sustaining the contest to
his affidavit of indigence and challenge that ruling as part of his appeal, instead of by mandamus review as was done
previously.  See In re Arroyo, 988 S.W.2d 737, 738-39 (Tex. 1998).  Accordingly, on January 9, 2003, we ordered
those portions of the record necessary to review the order sustaining the
contest to appellant=s affidavit of indigence be filed with the clerk of this
court.

On January 28, 2003, the district clerk filed a supplemental
clerk=s record containing the documents
relevant to appellant=s indigency claim.  The reporter=s record from the indigency
hearing was also filed on February 3, 2003. 
On February 13, 2003, this Court issued an order informing appellant the
court found no abuse of discretion in the trial court=s order sustaining the contest to his
affidavit of indigence.  In the order,
appellant was directed to pay or make arrangements to pay for the record in
this appeal.  See Tex. R. App. P. 35.3(a)(2).  The order further provided that unless appellant provided this
court with proof of payment for the record within fifteen days of the date of
this order, we would dismiss the appeal for want of prosecution.  See  Tex. R. App. P. 37.3(b).

Appellant filed no response to the Court=s order.  No clerk=s record has been filed. Accordingly,
the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed March 13, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.