TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-06-00315-CV






Cindy Schlapper, 

Appellant


v.


Rand Forest, Buck Childers, Robert Stewart Leonard, 

Dorothy Stewart Uzell, Betty Stewart Hanson, Mike Keuhl, 

Flagship Marine Corporation, Shoreline Development, and Harbor Ventures, Inc.,
Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. D-1-GN-05-000033, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING




O R D E R



 On June 21, 2007, this Court rendered an opinion dismissing the instant appeal
pursuant to Texas Rules of Appellate Procedure 42.3(b) and (c). Appellant Cindy Schlapper filed
a motion for rehearing, (1) and the Court requested a response from appellees. Upon consideration of
appellant's motion for rehearing and appellees' response thereto, we grant appellant's motion for
rehearing, withdraw our opinion and judgment dated June 21, 2007, and reinstate this appeal. See
In re Arroyo, 988 S.W.2d 737, 739 (Tex. 1998) (holding appeal is proper remedy for reviewing trial
court's order sustaining court reporter's challenge to appellant's affidavit of indigence).

 The record in this case reflects that the trial court issued an "Interlocutory Partial
Judgment" on March 7, 2006, disposing of all claims in appellant's sixth amended petition, (2) as well
as all claims in appellee Harbor Ventures, Inc.'s plea in intervention "save and except only Harbor
Venture's request for declaratory judgment as to the exact location and activities permitted by the
egress/ingress easement held by [appellant], Cindy Schlapper." On March 22, 2006, the trial court
granted appellees' motion to sever and severed all claims asserted by appellant and all title claims
asserted by Harbor Ventures from the declaratory judgment and related injunctive relief sought by
Harbor Ventures. The trial court's order of severance made the Interlocutory Partial Judgment of
March 7, 2006, final and appealable.

 Appellant filed a motion to modify the Interlocutory Partial Judgment on April 5,
2006, which was denied by the trial court on April 25, 2006. Appellant then filed a timely notice
of appeal and an affidavit of inability to pay costs on June 5, 2006. Pursuant to Texas Rule of
Appellate Procedure 20(e), the court reporter challenged appellant's claim of indigence. The trial
court considered this challenge at a hearing on July 13, 2006, and signed an order sustaining the
court reporter's challenge that same day. Appellant filed a timely notice of appeal from the trial
court's order.

 On rehearing, appellant requests the Court to withdraw its opinion and judgment
dated June 21, 2007, and reinstate the instant appeal for the purpose of reviewing the trial court's
order sustaining the court reporter's challenge to appellant's claim of indigence. Appellees do not
oppose appellant's request to reinstate this appeal for this limited purpose.

 Accordingly, we grant appellant's motion for rehearing, withdraw our opinion and
judgment dated June 21, 2007, and reinstate the instant appeal. Consistent with the supreme court's
opinion in In re Arroyo, we order the district court clerk and the court reporter to prepare and
file those portions of the record necessary to review the July 13, 2006, order sustaining the
court reporter's challenge to appellant's affidavit of indigence. See 988 S.W.2d at 739; see also
Tex. R. App. P. 34.5(c)(1), 34.6(d).

 It is so ordered September 5, 2007.


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: September 5, 2007
1. Although appellant did not file her motion for rehearing until July 17, 2007, we consider
the motion to be timely because it was filed within the fifteen-day period in which the appellant
would be entitled to move to extend the filing deadline under Texas Rule of Appellate Procedure
49.8. See Verburgt v. Dorner, 915 S.W.2d 615, 617 (Tex. 1997).
2. In its Interlocutory Partial Judgment, the trial court struck appellant's seventh amended
petition as untimely, and the case proceeded to trial on the appellant's sixth amended petition.