Reversed and Rendered and Memorandum Opinion on Contest of Affidavit of
Indigence filed March 25, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00930-CV

___________________

 

RALPH O. DOUGLAS, Appellant

 

V.

 

ELISE SELMA INGERSOLL, Appellee



 



 

On Appeal from
the 270th District Court

Harris County,
Texas

Trial Court
Cause No. 2008-71252



 



 

 

MEMORANDUM OPINION ON CONTEST TO AFFIDAVIT OF INDIGENCE

            Ralph O. Douglas appeals the
trial court’s order sustaining the contest to his affidavit of indigence and
request for a free record on appeal.  Because we find the trial court abused
its discretion in sustaining the contest, we reverse the trial court’s ruling
and find appellant’s affidavit of indigence is sufficient to enable him to
proceed on appeal without advance payment of costs.  

Background

            On
August 10, 2009, the trial court signed a judgment dismissing appellant’s cause
of action filed in trial court cause number 2008-71252 for want of
prosecution.  On August 24, 2009, appellant filed a notice of appeal from that
judgment, which this court docketed as cause number 14-09-00752-CV.  On the
same day, appellant filed an affidavit of indigence with the trial court
pursuant to Texas Rule of Appellate Procedure 20.1.  The Harris County District
Clerk timely filed a contest to appellant’s affidavit, which the trial court
sustained on October 7, 2009.  Appellant appealed the trial court’s order
sustaining the district clerk’s contest.

An indigent party may obtain the record pertaining to the trial court’s
ruling sustaining the contest to his affidavit of indigence and challenge that
ruling as part of his appeal instead of by mandamus review as was done
previously.  See In re Arroyo, 988 S.W.2d 737, 738–39 (Tex. 1998). 
Accordingly, on January 29, 2010, we ordered those portions of the record
necessary to review the order sustaining the contest to appellant’s affidavit
of indigence be filed with the clerk of this court.  On March 1, 2010, the
district clerk filed a partial clerk’s record containing the documents relevant
to appellant’s indigency claim.  No reporter’s record from the indigency
hearing was filed.  The court reporter informed this court that she did not record
a hearing.

Standard
of Review

When a contest is sustained and a review of the ruling is sought, the
question is whether an examination of the record as a whole establishes that
the trial court abused its discretion.  See Jones v. Duggan, 943 S.W.2d
90, 93 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding).  In ruling on
the merits of the evidence at the trial court level, the test for determining
entitlement to proceed in forma pauperis is whether the preponderance of the
evidence shows that the appellant would be unable to pay the costs of appeal,
if he really wanted to and made a good faith effort to do so.  See Griffin
Indus. v. Thirteenth Court of Appeals, 934 S.W.2d 349, 351 (Tex. 1996).  To
show a clear abuse of discretion, the appellant must show that, under the
circumstances of the case, the facts and law permit the trial court to make but
one decision.  See Cronen v. Smith, 812 S.W.2d 69, 70 (Tex. App.—Houston
[1st Dist.] 1991, orig. proceeding).  

Discussion

Texas Rule of Appellate Procedure 20.1 governs affidavits of indigence.  It
permits a party to proceed with an appeal without advance payment of costs if
(1) the party files an affidavit of indigence in compliance with the rule; (2)
either the claim of indigence is not contested or the contest is not sustained;
and (3) the party files a timely notice of appeal.  Tex. R. App. P. 20.1(a).  The
affidavit must identify the party filing it, state the amount of costs the
party can pay, if any, and contain complete information regarding sources of
income and property.  Tex. R. App. P. 20.1(b).  The affidavit must specifically
state:

(1) the nature and amount of the party’s current employment
income, government-entitlement income, and other income;

(2) the income of the party’s spouse and whether that
income is available to the party;

(3) real and personal property the party owns;

(4) cash the party holds and amounts on deposit that the
party may withdraw;

(5) the party’s other assets;

(6) the number and relationship to the party of any
dependents;

(7) the nature and amount of the party’s debts;

(8) the nature and amount of the party’s monthly expenses;

(9) the party’s ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services
to the party without a contingent fee; and

(11) whether an attorney has agreed to pay or advance court
costs.

Tex. R. App.
P. 20.1(b)(1)–(11).  

If an indigent party is incarcerated at the time of the hearing on the
contest, the affidavit must be considered as evidence and is sufficient to meet
the indigent party’s burden to present evidence without the party’s attendance
at the hearing.  Tex. R. App. P. 20.1(g).

The district clerk filed a contest in which he demanded strict proof that
appellant is too poor to pay filing fees and alleged that appellant’s affidavit
failed to meet the requirements of Rule 20.1(b).  We have reviewed the record
and determined that appellant’s affidavit meets all of the requirements of Rule
20.1(b).  Further, we have contacted the court reporter who informed the court
that no hearing was recorded on the district clerk’s contest.  Appellant was
incarcerated at the time the district clerk contested his affidavit. 
Therefore, appellant’s affidavit must be considered as evidence and is
sufficient to meet his burden to present evidence.  Tex. R. App. P. 20.1(b). 
Our review of the record reveals that appellant’s affidavit meets each of the
requirements of Rule 20.1(b).  The record further reflects no evidence to the
contrary.

We find the trial court abused its discretion in denying appellant’s
request to proceed without the advance payment of costs.  Therefore, appellant
is declared indigent for purposes of appeal and the record will be provided
without prepayment of costs.  See Tex.
R. App. P. 20.1(j).  The trial
court’s order sustaining the district clerk’s contest to appellant’s affidavit
of indigence is reversed.  Accordingly, we issue the following order.

The Harris County District Clerk is ordered to file a complete clerk’s
record in cause number 14-09-00752-CV on or before April 19, 2010.  The
official court reporter, Carmen Miller, has certified to this court that no
reporter’s record was taken in the underlying appeal.  Appellant’s brief in
cause number 14-09-00752-CV will be due 30 days after the clerk’s record has
been filed.  See Tex. R.
App. P. 38.6(a).

                                                                                    PER
CURIAM

 

 

Panel consists of Justices
Yates, Seymore, and Brown.