Dismissed and Memorandum Opinion filed February 3, 2011.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00833-CV



 

T. Terrell Bryan, Appellant

V.

Carlos Simmons, Et. Al., Appellees

 



On Appeal from the County Civil
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 966665



 

MEMORANDUM  OPINION

 

Appellant filed a notice of appeal from an order
signed July 29, 2010, sustaining a contest to his pauper’s oath.  From the
findings of the trial court, prepared at this Court’s request, it is now clear
that no final judgment has been entered in this case.  Accordingly, appellant
is attempting to appeal the denial of pauper status for pending litigation.

Generally, appeals may be taken only from final
judgments.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory
orders may be appealed only if permitted by statute.  Bally Total Fitness
Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co.,
Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  There
is no statute providing for an interlocutory appeal of the court’s ruling on
indigency for trial proceedings.  Lomax v. Thomas, No. 14-08-00163-CV,
2008 WL 4308610, *1 (Tex.App.-Houston [14th Dist.] Aug. 28, 2008, no pet.)
(memo.op.).  Thus, an order denying indigent status may not be appealed before
entry of final judgment.  Carlan v. Stokes, No. 14-08-00943-CV, 2009 WL
196099 (Tex. App.—Houston [14th Dist.] January 29, 2009, no pet.) (memo. op.).  In
contrast, a trial court’s indigency ruling pertaining to an already pending
appeal is appealable.  See In re Arroyo, 988 S.W. 2d 737, 738–39 (Tex.
1998) (orig. proceeding).

On January 12, 2011, notification was transmitted to
the parties of this court’s intention to dismiss the appeal for want of
jurisdiction unless appellant filed a response demonstrating grounds for
continuing the appeal on or before January 25, 2011. See Tex. R. App. P.
42.3(a).  Appellant’s response fails to demonstrate that this court has
jurisdiction over the appeal.

Accordingly, the appeal is ordered dismissed

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.