Opinion issued August
11, 2011

 

 

 

 

 



 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00180-CV

____________

 








NATHANIEL JONES, III, Appellant

 

V.

 

HOUSTON POLICE DEPARTMENT, Appellee

 

 

On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 1078155

 

 



MEMORANDUM OPINION








This is
an attempted appeal from an order sustaining a contest to appellant’s affidavit
of indigence for trial court costs and ordering that appellant pay the costs of
his suit in the trial court.  A partial
clerk’s record was filed so that the Court could determine its jurisdiction.  

Generally,
appeals may be taken only from final judgments.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be appealed only if
authorized by statute.  Bally Total Fitness Corp. v. Jackson, 53
S.W.3d 352, 352 (Tex. 2001). 

The
record reveals that no final judgment has been entered in this case.  Both the trial court’s order refusing to waive
the costs based on appellant’s affidavit and the trial court’s order that
appellant pay the costs of his suit are interlocutory orders.  Appellant cites no authority, and we have
found none, providing for an interlocutory appeal to be taken from these orders.
 See
generally Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)
(West 2008); see, e.g., Minnfee v. Lexington, No.
04-09-00770-CV, 2010 WL 381367, at *1 (Tex. App.—San Antonio Feb. 3, 2010, pet.
dism’d) (mem. op.) (dismissing appeal of order on motion to rule for costs); Jones v. Houston Police Dep’t, No.
14-10-00916-CV, 2011 WL 61867, at *1 (Tex. App.—Houston [14th Dist.] Jan. 6,
2011, no pet.) (mem. op.) (dismissing appeal of order sustaining contest to
affidavit of indigence for trial court costs). 

We may
review a challenge to an order sustaining a contest to an affidavit of indigence
only when it is made as part of a pending appeal from a final judgment or other
appealable order.  See Tex. R. App. P.
20.1; In re Arroyo, 988 S.W.2d 737, 738–39 (Tex. 1998).  

On May
24, 2011, the Court notified the parties of its intent to dismiss the appeal
for want of jurisdiction unless appellant filed a response demonstrating this
court’s jurisdiction on or before June 3, 2011. 
See Tex. R. App. P. 42.3(a). Appellant filed a response, but it
does not show grounds for continuing the appeal. 

Accordingly,
we dismiss the appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a),
43.2(f).  All pending motions are
dismissed as moot.

PER CURIAM

 

Panel consists of Chief Justice Radack and Justices
Sharp and Brown.