Petition for Writ of
Mandamus Denied and Memorandum Opinion filed August 18, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00671-CR

____________

 

IN RE AHMED PEYRAVI, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

339th District Court

Harris County, Texas

Trial Court Cause No. 919251

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Relator Ahmed Peyravi filed a petition for writ of mandamus
in this court.  See Tex. Gov’t Code § 22.221; see also Tex. R.
App. P. 52.  In the petition, Peyravi asks this court to compel the court
reporter to furnish the reporter’s record in his appeal, pending under our
number 14-10-01083-CR, from the October 12, 2010, denial of Peyravi’s motion
for DNA testing.[1] 


            The appeal in 14-10-01083-CR was abated and remanded for a
determination of whether there was a reporter’s record made from any hearing on
Peyravi’s motion for DNA testing, and if so, which court reporter was
responsible for the record.  On August 4, 2011, Pam Knobloch, the official
court reporter for the 339th District Court, filed a sworn statement that she
had conferred with the trial judge and Linda Hacker, the former official court
reporter, and confirmed that no hearing was reported on Peyravi’s motion for DNA
testing.  The appeal has been reinstated and appellant’s brief is due September
8, 2011. 

            This court’s mandamus jurisdiction is governed by section
22.221 of the Texas Government Code, which expressly limits the mandamus
jurisdiction of the courts of appeals to: (1) writs against a district court
judge or county court judge in the court of appeals’ district, and (2) all
writs necessary to enforce the court of appeals' jurisdiction.  Tex. Gov’t Code
§ 22.221.  To be entitled to mandamus relief in a criminal case, a relator must
show that he has no adequate remedy at law to redress his alleged harm, and that
what he seeks to compel is a ministerial act, not involving a discretionary or
judicial decision.  State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). 


Peyravi’s remedy to compel the filing of a reporter’s record
in his pending appeal is found in Texas Rule of Appellate Procedure 35.3(c),
which grants an appellate court substantial authority to assure the timely
filing of the reporter’s record.  See Tex. R. App. P. 35.3(c); see
also In re Arroyo, 988 S.W.2d 737, 739 (Tex. 1998).  Under the authority of
Rule 35.3(c), this court determined that no record was made in connection with
Peyvani’s motion for DNA testing.  

Accordingly, we deny Peyvani’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not
Publish — Tex. R. App. P. 47.2(b).  









[1]  This court affirmed Peyravi’s 2003 murder
conviction.  See Peyravi v. State, No. 14-03-00452-CR, 2004 WL 1834288
(Tex. App.—Houston [14th Dist.] Aug. 17, 2004, pet. ref’d) (not designated
for publication).