Opinion issued August
25, 2011.

 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00335-CV

____________

 








CURTIS CALVIN
YARBROUGH, Appellant

 

V.

 

TEXAS BOARD OF
PARDONS AND PAROLES, Appellee

 

 

On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2010-12965

 

 



MEMORANDUM OPINION








This is
an attempted appeal from an order sustaining a contest to appellant’s affidavit
of indigence for trial court costs and ordering that appellant pay the costs of
his suit in the trial court.  A partial
clerk’s record was filed so this court could determine its jurisdiction.  

Generally,
appeals may be taken only from final judgments.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be appealed only if
authorized by statute.  Bally Total Fitness Corp. v. Jackson, 53
S.W.3d 352, 352 (Tex. 2001). 

Here, the
record reveals that no final judgment has been entered in this pending case.  The trial court’s order that appellant pay the
costs of his suit is an interlocutory order.  Appellant cites no authority, and we have
found none, providing for an interlocutory appeal to be taken these orders.  See
generally Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a) (West
2008); see, e.g., Minnfee v. Lexington,
No. 04-09-00770-CV, 2010 WL 381367, at *1 (Tex. App.—San Antonio Feb. 3, 2010,
no pet.) (mem. op.) (dismissing appeal of order on motion to rule for costs); Aguilar v. Texas La Fiesta Auto Sales LLC,
No. 01-08-00653-CV, 2009 WL 1562838, at *1 (Tex. App.—Houston [1st Dist.] June
4, 2009, no pet.) (mem. op.) (dismissing appeal of order sustaining contest to
affidavit of indigence for trial court costs). 

We may
review a challenge to an order sustaining a contest to an affidavit of indigence
only when it is made as part of a pending appeal from a final judgment or other
appealable order.  See Tex. R. App. P.
20.1; In re Arroyo, 988 S.W.2d 737, 738–39 (Tex. 1998).  

On June
22, 2011, the Court notified the parties of its intent to dismiss the appeal
for want of jurisdiction unless appellant filed a response demonstrating this
court’s jurisdiction on or before July 15, 2011.  See Tex. R. App. P. 42.3(a). Appellant has
not responded. 

Accordingly,
we dismiss the appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a),
43.2(f).  We dismiss any pending motions as moot.  

PER CURIAM

 

Panel consists of Justices Jennings, Bland, and
Massengale.