Opinion issued January 12,
2012.

 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00195-CV

____________

 








qian zhao, Appellant

 

V.

 

joanne terry,
manager of wilcrest park townhome association inc. and sundown auto storage, Appellees

 

 

On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 2009-71863

 

 



MEMORANDUM OPINION








This is
an attempted appeal from an order sustaining a contest to appellant’s affidavit
of indigence for trial court costs and ordering that appellant pay the costs of
his suit in the trial court.  A partial
clerk’s record was ordered so this court could determine its jurisdiction.  The record was filed July 15, 2010.

Generally,
appeals may be taken only from final judgments.  Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001).  Interlocutory
orders may be appealed only if authorized by statute.  Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001).


Here, the
record reveals that no final judgment has been entered in this pending case.  Both the trial court’s order refusing to waive
the costs based on appellant’s affidavit and the trial court’s order that
appellant pay the costs of his suit are interlocutory orders.  Appellant cites no authority, and we have
found none, providing for an interlocutory appeal to be taken from these orders.
 See
generally Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West 2008); see, e.g., Minnfee v. Lexington, No.
04-09-00770-CV, 2010 WL 381367, at *1 (Tex. App.—San Antonio Feb. 3, 2010, no
pet.) (mem. op.) (dismissing
appeal of order on motion to rule for costs); Aguilar v. Texas La Fiesta Auto Sales LLC, No. 01-08-00653-CV, 2009
WL 1562838, at *1 (Tex. App.—Houston [1st Dist.] June 4,
2009, no pet.) (mem.
op.) (dismissing appeal of order sustaining contest to
affidavit of indigence for trial court costs). 

We may
review a challenge to an order sustaining a contest to an affidavit of indigence
only when it is made as part of a pending appeal from a final judgment or other
appealable order.  See Tex. R.
App. P. 20.1; In re Arroyo, 988 S.W.2d
737, 738–39 (Tex. 1998).  

On February
28, 2011, the Court notified the parties of its intent to dismiss the appeal
for want of jurisdiction unless appellant filed a response demonstrating this
court’s jurisdiction on or before March 10, 2011.  See Tex. R. App. P. 42.3(a). Appellant did not
adequately respond. 

Accordingly,
we dismiss the appeal for want of jurisdiction. See Tex. R.
App. P. 42.3(a), 43.2(f).
 We dismiss any other pending motions as moot.  

PER CURIAM

 

Panel consists of Chief Justice Radack and Justices Bland
and Huddle.