**Abatement Order filed February 14, 2012.**



**In The**

# Fourteenth Court of Appeals
_____

## NO. 14-11-01022-CV
_____

**HUMBERTO MONTALVO, INDIVIDUALLY AND D/B/A MONTALVO PRODUCE OF MEXICO, Appellant**

**V.**

**JP MORGAN CHASE BANK, N.A., Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-23102**

---

## ABATEMENT ORDER

This appeal is from an order signed November 10, 2011, sustaining a contest to the affidavit of indigency filed by appellant in Appeal No. 14-11-00987. That appeal is from an order signed June 14, 2011.

In response to notice from this court that the clerk's record has not been filed, the district clerk claims appellant has not paid for the record. An indigent party may obtain the record pertaining to the trial court's ruling sustaining the contest to his affidavit of indigence for the purpose of appealing that ruling. *See In re Arroyo*, 988 S.W.2d 737, 738-39 (Tex. 1998).

To be entitled to a free record on appeal, not only must appellant file an affidavit of inability to pay costs, the trial court must also find that (1) the appeal is not frivolous; and

(2) the reporter's and clerk's records are needed to decide an issue presented by the appeal. Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a). In determining whether the appeal is frivolous, the judge may consider whether appellant has presented a substantial question for appellate review. Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b). The trial judge may order the clerk of the court to prepare any part of the record necessary for making the determination of whether the appeal is frivolous and if the record is necessary to the appeal. Tex. Civ. Prac. & Rem. Code Ann. § 13.003(c).

Accordingly, we **ORDER** the trial court to make written findings as to whether (1) the appeal is frivolous; and (2) if the reporter's and clerk's records are needed to decide an issue presented by the appeal.

We further **ORDER** the trial court clerk and court reporter for this case, under Texas Rules of Appellate Procedure 34.5(c)(1) and 34.6(d), respectively, to prepare and file the portions of the record necessary to review the order sustaining the contest(s) to appellant's affidavit of indigence. The **partial clerk's record** shall contain: **(1)** appellant's affidavit of indigency; **(2)** the contest(s) to the affidavit of indigence; **(3)** the trial court's order sustaining the contests; **(4)** the trial court's findings pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a); and **(5)** all other documents pertaining to the claim of indigence and the contest(s) thereto. In addition, in order that this court may ascertain its jurisdiction over the appeal, the **partial clerk's record** shall contain **(6)** the judgment being appealed; **(7)** any motion for new trial, other post-judgment motion, or request for findings of fact and conclusions of law; and **(8)** the notice of appeal. The court reporter shall file a **partial reporter's record from the hearing** or hearings, and any exhibits admitted at the hearing, on the contest to appellant's claim of indigence. These records shall be filed with the clerk of this court on or before **March 15, 2012.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the review of the trial court's ruling on indigency has been completed. The court will also consider an appropriate motion to reinstate the appeal filed by any party.

2

PER CURIAM