**Opinion issued July 12, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-01121-CV

————————————

**THOMAS WAYNE DANIELS, Appellant**

**V.**

**DOROTHY MEEKS, Appellee**

---

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2011-65599**

---

## MEMORANDUM OPINION

This is an attempted appeal from an order sustaining a contest to appellant's affidavit of indigence for trial court costs and ordering that appellant pay the costs of his suit in the trial court.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

A trial court's order refusing to waive the costs based on appellant's affidavit and the trial court's order that appellant pay the costs of his suit are interlocutory orders. Appellant cites no authority, and we have found none, providing for an interlocutory appeal to be taken from these orders. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West 2008); *see, e.g., Minnfee v. Lexington*, No. 04-09-00770-CV, 2010 WL 381367, at *1 (Tex. App.—San Antonio Feb. 3, 2010, no pet.) (mem. op.) (dismissing appeal of order on motion to rule for costs); *Aguilar v. Texas La Fiesta Auto Sales LLC*, No. 01-08-00653-CV, 2009 WL 1562838, at *1 (Tex. App.—Houston [1st Dist.] June 4, 2009, no pet.) (mem. op.) (dismissing appeal of order sustaining contest to affidavit of indigence for trial court costs). We may review a challenge to an order sustaining a contest to an affidavit of indigence only when it is made as part of a pending appeal from a final judgment or other appealable order. *See* TEX. R. APP. P. 20.1; *In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex. 1998).

On April 13, 2012 the Court notified the parties of its intent to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating this court's jurisdiction on or before April 24, 2012. *See* TEX. R. APP. P. 42.3(a). On April 30, 2012, the notification was returned to the Court marked "Return to Sender; Refused; Unable to Forward" and "RTS Discharged." The notice was sent to the address provided by appellant in his notice of appeal, and appellant has not provided the Court with a new address following his apparent discharge. Appellant was required to provide this Court with his current address to facilitate this Court's communication with appellant, but appellant has not notified this Court of his new address. *See* TEX. R. APP. P. 6.3(c), 9.1(b).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

3