**Opinion issued August 30, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00517-CV

———————————

## JONATHAN HUNT, Appellant

## V.

## TEXAS BOARD OF PARDONS AND PAROLES, Appellee

---

### On Appeal from the 215th District Court
### Harris County, Texas
### Trial Court Cause No. 2011-76984

---

## MEMORANDUM OPINION

This is an attempted appeal from an order sustaining a contest to appellant's affidavit of indigence for trial court costs and ordering that appellant pay the costs of his suit in the trial court. Generally, appeals may be taken only from final

judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

Here, the record reveals that no final judgment has been entered in this pending case. The trial court's order sustaining the contest to appellant's affidavit of indigence for trial court costs is an interlocutory order. Appellant cites no authority, and we have found none, providing for an interlocutory appeal to be taken from this order. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West 2008); *see, e.g., Minnfee v. Lexington*, No. 04-09-00770-CV, 2010 WL 381367, at *1 (Tex. App.—San Antonio Feb. 3, 2010, no pet.) (mem. op.) (dismissing appeal of order on motion to rule for costs); *Aguilar v. Texas La Fiesta Auto Sales LLC*, No. 01-08-00653-CV, 2009 WL 1562838, at *1 (Tex. App.—Houston [1st Dist.] June 4, 2009, no pet.) (mem. op.) (dismissing appeal of order sustaining contest to affidavit of indigence for trial court costs).

We may review a challenge to an order sustaining a contest to an affidavit of indigence only when it is made as part of a pending appeal from a final judgment or other appealable order. *See* TEX. R. APP. P. 20.1; *In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex. 1998).

2

On July 30, 2012, the Court notified the parties of its intent to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating this court's jurisdiction on or before August 9, 2012. *See* TEX. R. APP. P. 42.3(a). No meritorious response showing grounds for continuing the appeal was filed.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Brown.