

# Fourth Court of Appeals
## San Antonio, Texas

April 03, 2013

No. 04-12-00735-CR and 04-12-00736-CR

Albert **NICHOLAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B93-6 and B93-7
Honorable Rex Emerson, Judge Presiding

# O R D E R

On March 8, 2013, appellant filed a "Motion to Compel Trial Court to Issue Ruling to Provide Free Record on Appeals," asserting the trial court had failed to rule on his request for a free record for purposes of these appeals. On March 11, 2013, the trial court signed an order denying appellant's request. Because the trial court ruled on appellant's motion, this court issued an order on March 14, 2013, stating that appellant's motion was moot.

On April 1, 2013, appellant filed a motion challenging the trial court's order denying his request for a free record. Appellant's primary contention is that the trial court was without jurisdiction to rule on the pending motion for a free record. Rule 20.2 of the Texas Rules of Appellate Procedure, however, contains a deadline only for the filing of the request for a free record, not a deadline for the trial court to rule on such a request. *See* TEX. R. APP. P. 20.2. Appellant's motion also can be construed as generally complaining about the trial court's ruling on his motion for a free record. Accordingly, we construe appellant's motion as an appeal of the trial court's order denying appellant a free record; appellant's request to appeal the trial court's order is GRANTED. *See Ramirez v. State*, No. 04-00-00031-CR, 04-00-00037-CR & 04-00-00199-CR, 2000 WL 794157, at *1 (Tex. App.—San Antonio June 21, 2000, no pet.) (noting separate notice of appeal is not required to secure review of a trial court order denying a free record and holding trial court abused its discretion in denying motion for free record) (not designated for publication); *see also Jessop v. State*, No. 03-10-00393-CR, 2011 WL 182871, at *1-2 (Tex. App.—Austin Jan. 19, 2011, order) (setting forth standard governing trial court's indigence determination in ruling on request for free record) (not designated for publication), *pet. dism'd*, No. PD-0241-11, 2012 WL 1060061 (Tex. Crim. App. Mar. 28, 2012).

In an appeal of a trial court's order denying an appellant a free record, the clerk and the court reporter are required "to prepare and file the portions of the record necessary to review" the trial court's order. *In re Arroyo*, 988 S.W.2d 737, 739 (Tex. 1998); *Ramirez*, 2011 WL 794157, at *1. The clerk of this court has been informed that no reporter's record was made of any hearing resulting in the trial court's March 11, 2013 order denying appellant's motion for a free record. A supplemental clerk's record was filed in each of these appeals on March 13, 2013, containing a copy of appellant's motion and the trial court's order; however, it is unclear from this record whether the trial court also considered the affidavit of indigence that was filed by appellant in relation to these appeals. It is therefore ORDERED that no later than two weeks from the date of this order the trial court file a written certification in this court listing the documents considered by the trial court in denying appellant's motion for a free record.



Catherine Stone, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3th day of April, 2013.

Keith E. Hottle
Clerk of Court