**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 20, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00089-CV

---

### IN RE LARRY RAY SWEARINGEN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-51728**

---

## MEMORANDUM OPINION

On January 27, 2014, relator Larry Ray Swearingen filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jeff Shadwick, presiding judge of the 55th District Court of Harris County, to (1) overrule the district clerk's contest to relator's affidavit of indigence; and (2) conduct a hearing on the contest.

**BACKGROUND**

On October 16, 2013, relator appealed from the trial court's September 30, 2013 dismissal of relator's suit against Joye M. Carter, M.D. for want of prosecution. *See Swearingen v. Carter*, No. 14-13-00929-CV, 2014 WL 198319 (Tex. App.—Houston [14th Dist.] Jan. 16, 2014, no pet. h.) (mem. op.). Relator filed an affidavit of indigence in this court on November 1, 2013, and the Harris County District Clerk filed a contest to relator's affidavit. We referred the contest to relator's affidavit of indigence to the trial court, which signed the order sustaining the contest on November 20, 2013.

On December 9, 2013, relator filed a motion challenging the trial court's order sustaining the contest to his affidavit of indigence. This court notified relator that Texas Rule of Appellate Procedure 20.1(j)(1) required that he file a motion challenging the trial court's ruling "within 10 days after the order sustaining the contest is signed, or within 10 days after the notice of this appeal is filed, whichever is later." Tex. R. App. P. 20.1(j)(1). Relator's motion was due in this court December 2, 2013, but relator filed it seven days late. Although relator was advised that Rule 20.1(j)(1) allows the appellate court to extend the time for filing "on a motion complying with Rule10.5(b)" of the Texas Rules of Appellate Procedure specifically stating the facts that reasonably explain the need for an extension, relator never filed a motion for extension. *See* Tex. R. App. P. 10.5(b)(1)(C). This court further advised that unless relator filed a motion complying with Rule 10(b)(1) within ten days of the date of the order, the court would deny the motion as untimely. The record in the appeal does not show that

relator filed the motion to extend time explaining the need for an extension within the stated deadline.

On January 16, 2014, this court dismissed relator's appeal because he did not comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code, which governs inmate litigation when the inmate claims inability to pay costs. *Id.* at *1; *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001−.014 (West 2002 & Supp. 2013). Although relator filed his notice of appeal and accompanying affidavit of indigence, relator did not file (1) an affidavit or unsworn declaration setting forth specific details on all previous actions filed pro se, other than a suit brought under the Texas Family Code; or (2) a certified copy of his inmate trust account showing the balance at the time the appeal was filed and account activity during the six preceding months. *Swearingen*, 2014 WL 198319, at *2 (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004(a), 14.004(c), 14.006(f)).

On January 23, 2014, relator filed a motion for reconsideration of the dismissal of his appeal. In his motion, relator complained about the trial court's failure to conduct a hearing on the contest to his affidavit of indigence and requested that this court overrule the trial court's order sustaining the contest or, in the alternative, remand the case back to the trial court for a hearing on the contest to his affidavit of indigence. On January 31, 2014, relator filed a motion requesting an extension of time to file his objections to the trial court's denial of his pauper's oath, or alternatively, to remand the case back to the trial court to hear evidence on his affidavit of indigence. This court denied both motions on February 6, 2014.

## ANALYSIS

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding).

Prior to the 1997 amendments to the Texas Rules of Appellate Procedure, appellate courts did not have jurisdiction in civil cases to review orders sustaining a contest to an affidavit of indigence; mandamus was the only avenue for such orders. *In re Arroyo*, 988 S.W.2d 737, 738 (Tex. 1998) (orig. proceeding) (per curiam). However, mandamus is no longer available because an adequate remedy by appeal exists under the amended Rules of Appellate Procedure. *Id.*

Relator's remedy was to challenge the trial court's ruling on the contest to the affidavit of indigence and to object to the trial court's failure to hold a hearing on the contest in his appeal from the dismissal of his case. Relator pursued his appellate remedy by his untimely motion challenging the trial court's ruling, his motion for reconsideration, and his motion to extend time. That relator was not granted relief on appeal, does not mean that appeal was not an adequate remedy.

Relator has not established his entitlement to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Brown.

4