**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 22, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00338-CV

## IN RE JEANNE BOWSER AND ALBERT SMITH, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Court at Law No 1**
**Galveston County, Texas**
**Trial Court Cause No. CV-0071627**

## MEMORANDUM OPINION

On May 5, 2014, relators Jeanne Bowser and Albert Smith filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable John Grady, presiding judge of the County Court at Law No 1 of Galveston County, to vacate his rulings that relators are not indigent for purposes of appeal from the judgment entered against them in the underlying forcible detainer action.

Real parties in interest filed a forcible detainer action against relators in the Justice Court for Precinct 4 of Galveston County, which signed a judgment in favor of real parties in interest. Relators appealed the judgment de novo to County Court at Law No. 1 of Galveston County, which, on April 7, 2014, also signed a judgment in favor of real parties in interest. Relators appealed from the April 7, 2014 judgment. Their appeal is pending in this Court and is docketed under No. 14-14-00331-CV, *Jeanne Bowser and Albert Smith v. Sandra Bergquist and Robert Ponder*.

Relators complain that the trial court abused its discretion by failing to find that they are indigent for purposes of appeal and sustaining a contest to their affidavit of indigence. To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding).

Prior to the 1997 amendments to the Texas Rules of Appellate Procedure, appellate courts did not have jurisdiction in civil cases to review orders sustaining a contest to an affidavit of indigence; mandamus was the only avenue for such orders. *In re Arroyo*, 988 S.W.2d 737, 738 (Tex. 1998) (orig. proceeding) (per curiam). However, under the amended rules of appellate procedure, an indigent party may obtain the record pertaining to the trial court's sustaining the contest to his affidavit of indigence and challenge that ruling as part of his appeal. *Id.* at 738−39; *see also* Tex. R. App. P. 20.1(j)(3). Therefore, mandamus is not the appropriate remedy. *In re Arroyo*, 988 S.W.2d at 739. Relators' remedy is to

challenge the trial court's rulings related to their claim of indigence in their appeal pending in this Court. *See* Tex. R. App. P. 20.1(j).

Relators also ask that we stay the issuance of a writ of possession. After filing their petition for writ of mandamus in this Court, relators advised that the trial court had issued a writ of possession the same day they filed their petition, rendering relators' request for relief moot.[1]

Accordingly, we deny relators' petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.

---

[1] Moreover, relators did not file a motion for temporary relief or provide a copy of the judgment, or any other document related to such request for relief. *See* Tex. R. App. P. 52.3(k), 52.10(a).