**Motion Denied; Order filed July 3, 2014.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-14-00287-CV
_____

**RICHARD ALAN HAASE AND AUDREY LOIS HAASE, Appellants**

**V.**

**SANTANDER CONSUMER USA, INC., Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCV-197259**

---

## ORDER

This is an appeal from a judgment signed January 10, 2014. Appellant filed his notice of appeal on April 11, 2014. Appellant filed an affidavit of indigence in this court on May 8, 2014. On May 16, 2014, the Fort Bend County District Clerk and the official court reporter for the 268th District Court filed a contest to appellants' affidavit of inability to pay costs. On May 19, 2014, appellee filed a contest to appellants' affidavit of inability to pay costs. On May 29, 2014, this

court abated the appeal and directed the trial court to hold a hearing on the contests. On June 20, 2014, the trial court signed an order sustaining the contests.

On June 24, 2014, appellants filed a motion with this court requesting that we review the trial court's order sustaining the contests to their affidavit of indigence. *See* Tex. R. App. P. 20.1(j)(1).[1]

When a contest is sustained and a review of the ruling is sought, the question is whether an examination of the record as a whole establishes that the trial court abused its discretion. *See Jones v. Duggan*, 943 S.W.2d 90, 93 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding). In ruling on the merits of the evidence at the trial court level, the test for determining entitlement to proceed in forma pauperis is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of appeal, if he really wanted to and made a good faith effort to do so. *See Griffin Indus. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996). To show a clear abuse of discretion, the appellant must show that, under the circumstances of the case, the facts and law permit the trial court to make but one decision. *See Cronen v. Smith*, 812 S.W.2d 69, 70 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding).

Texas Rule of Appellate Procedure 20.1 governs affidavits of indigence. It permits a party to proceed with an appeal without advance payment of costs if (1) the party files an affidavit of indigence in compliance with the rule; (2) either the claim of indigence is not contested or the contest is not sustained; and (3) the party files a timely notice of appeal. Tex. R. App. P. 20.1(a). The affidavit must identify

---

[1] In their motion, appellants state they intend to file a petition for writ of mandamus challenging the trial court's ruling sustaining the contests. The Texas Supreme Court has determined, however, that, under the amended rules of appellate procedure, an indigent party may challenge the trial court's ruling as part of the appeal, instead of by mandamus review as was done previously. *See In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex. 1998).

the party filing it, state the amount of costs the party can pay, if any, and contain complete information regarding sources of income and property. Tex. R. App. P. 20.1(b). The affidavit must specifically state:

> (1) the nature and amount of the party's current employment income, government-entitlement income, and other income;
>
> (2) the income of the party's spouse and whether that income is available to the party;
>
> (3) real and personal property the party owns;
>
> (4) cash the party holds and amounts on deposit that the party may withdraw;
>
> (5) the party's other assets;
>
> (6) the number and relationship to the party of any dependents;
>
> (7) the nature and amount of the party's debts;
>
> (8) the nature and amount of the party's monthly expenses;
>
> (9) the party's ability to obtain a loan for court costs;
>
> (10) whether an attorney is providing free legal services to the party without a contingent fee; and
>
> (11) whether an attorney has agreed to pay or advance court costs.

Tex. R. App. P. 20.1(b)(1)–(11).

> In his affidavit of indigence, appellant Richard Haase stated:
>
> 1) At this time, I teach as an adjunct professor at two (2) universities; therein, my income is $1,770 per month. My income is used to pay household bills, maintain our vehicles and pay for fuel thereto. The affordable care act provides our health insurance.
>
> 2) My wife, Audrey, currently is a waitress, having a monthly income of about $1,750 per month. My wife's income is used to buy food and clothing for my family and take care of the needs of our daughter; therefore, my wife's income is not available to pay costs of appeal.

3) The real and personal property I own is limited to the furniture in our home and stock of the ClearValue Companies, none of which is commercial, yet.

4) Neither Audrey, nor I, have a bank account. Today, I have a Bluebird Card from American Express that has a balance of $14 today and there is $17 in my wallet. To my knowledge, today, Audrey has about $36 in cash.

5) There are no other assets or bank accounts from which I or my wife can draw.

6) Audrey and I have a 15 year old daughter, [R.H.].

7) Audrey and I have a mortgage that is in litigation, having an alleged balance ranging from about $171,000 to about $250,000. Audrey and I have a car note, having a balance of $10,330. Audrey owes her son, Brad, $900. Audrey and I owe Gallery Furniture about $5,500. And at this time, I owe SNF Holding Company $237,000.

8) My family expenses, per month, are about: $1243 for mortgage (in litigation); $110 for homeowners insurance (part of litigation); $500 for real estate taxes (part of litigation); $498 in car payments; $100 on average for natural gas; $250 on average for electricity; $250 for telephones; $45 for internet; $80 for television; $55 for YMCA (reduced income rate); $165 for automotive insurance; $80 for water; $750 for food; $200 for clothing; $400 for automotive fuel; $150 for automotive and home maintenance; $400 for child expenses; and $200 miscellaneous.

9) I would be unable to obtain a loan for court costs.

10) There is no attorney representing my wife or I in the styled action.

11) No attorney has offered or agreed to pay or advance costs.

12) I do have the skill and have available the equipment necessary to prepare this appeal.

The burden of proof at the hearing on the contest to the affidavit is on the individual claiming indigence. *See* Tex. R. App. P. 20.1(g). At the hearing, to show their assets, appellants introduced into evidence:

- Payment stubs reflecting checks issued by Houston Community

College to Richard Haase on April 30, 2014 and May 15, 2014, each for $612.80;

- Payment stubs reflecting checks issued by the University of Houston to Richard Haase on May 1, 2014 and June 16, 2014, each for $554.10;

- Payment stubs reflecting year-to-date income for Audrey Haase from Cracker Barrel of $1441.51;

- A 2013 W-2 Wage and Tax Statement for Audrey Haase reflecting a total annual income from Cracker Barrel of $15,027.20;

- A 2013 W-2 Wage and Tax Statement for Richard Haase reflecting a total annual income from the University of Phoenix of $10,156.07;

- A 2013 W-2 Wage and Tax Statement for Richard Haase reflecting a total annual income from the University of Houston of $6,000; and

- A 2012 federal income tax return showing a refund of $4,185.00.

As evidence of their expenses, appellants introduced:

- An abstract judgment from the United States District Court for the Eastern District of Texas, reflecting total amount owed of $236,598.67;

- Monthly bills of:

  - $180 for utilities;
  - $82.02 for satellite television;
  - $51.11 for internet service;
  - $400 in expenses for their child;
  - $497.59 car payment;
  - $2,523.46 arrearage on homeowners' association dues;
  - $1243.00 for mortgage payment;
  - $159.01 for car insurance; and

➢ $307.35 for phone service.

Appellee introduced articles of incorporation for several entities under the name of ClearValue listing appellants as the owners and several patents owned by the ClearValue entities.

At the hearing, Richard Haase testified that he and his wife do not use checking accounts, but have their paychecks directly deposited into credit or debit card accounts, but he did not produce statements for those accounts. He further testified that they own another vehicle for which they do not make monthly payments. They had not made mortgage payments on their home since December 1, 2007. The mortgage company has been paying the taxes on the mortgage and placing the arrearage in appellants' "account due." Appellants did not file a federal income tax return in 2013 because if they report income it will be used to satisfy the outstanding patent infringement judgment.

At the conclusion of the hearing, the court noted that appellants misrepresented their expenses in their affidavit in that they are not making mortgage payments. The court noted that the mortgage may be in litigation, which "frees up income that [appellants] can use to pay the clerk for the record and to pay the reporter for the transcript, for the record of the proceedings." The trial court also noted that appellants failed to notify the court what the cost of the record would be effectively preventing the court from determining whether appellants could pay for the record. The trial court found that (1) appellants made material representations in their affidavits of indigence with regard to expenses for their mortgage, homeowners' insurance, and real estate taxes; (2) they are not too poor to pay the costs of appeal; (3) their affidavits do not comply with Texas Rule of Appellate Procedure 20.1(b); and (4) they failed to meet their burden of proof regard their alleged inability to pay costs of appeal.

Having reviewed the evidence at the hearing in the trial court, we find the court did not abuse its discretion in denying appellants' request to proceed without the payment of costs.

Therefore, appellants are directed to pay or make arrangements to pay the filing fee and the record in this appeal. *See* Tex. R. App. P. 35.3(a)(2). Unless appellant pays the $195.00 filing fee and provides this court with proof of payment for the record within 15 days of the date of this order, we will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 42.3(c), 37.3(b).

PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.