

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00370-CR
### NO. 02-16-00371-CR
### NO. 02-16-00377-CR

JACOB OWEN EDWARDS                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
TRIAL COURT NO. CR-2014-07164-B, CR-2014-09118-B, CR-2012-08863-B

------------

# ORDER

------------

On April 20, 2017, appellant's retained counsel informed this court that he would not be filing a brief. Consequently, on May 1, 2017, this court issued an order abating the appeal for the trial court to make several findings, one of which is whether appellant is indigent and should be appointed new counsel. We also ordered a supplemental reporter's record of that hearing: "The trial court *shall* file a record of the hearing in this court on or before **Wednesday, May 31, 2017**. The record *shall* include a supplemental reporter's record and supplemental clerk's record." [Italics added.]

The court reporter has informed this court that she has prepared a supplemental reporter's record of the hearing but that she has not yet filed it—and will not file it—until appellant has paid for that supplemental record. Because this court ordered the record to assist it in the appeal, we now order the court reporter, Cori Warren, to file the reporter's record of the abatement hearing no later than **3:00 p.m. on Monday, June 26, 2017, regardless of whether payment has been made at that time**. To delay the filing of the supplemental reporter's record pending payment would hinder this court from conducting a meaningful review of the trial court's findings on abatement. *See, e.g.*, *In re Arroyo*, 988 S.W.2d 737, 739 (Tex. 1998) ("This avenue of appeal [of a trial court's ruling on indigency] is not adequate, however, unless the indigent party can obtain the record pertaining to the trial court's ruling sustaining the contest to the affidavit of indigence."); *see also Fry v. State*, No., 2017 WL 2333781, at *1 (Tex. App.—Amarillo May 17, 2017, order) (not designated for publication) (requiring reporter to file supplemental record of evidence and argument at abatement hearing ordered by appellate court because retained counsel had not made arrangements to pay for the appellate reporter's record).

If the reporter's record is not filed on or before **3:00 p.m. on Monday, June 26, 2017**, this court will require Cori Warren to appear in court to show cause why she should not be held in contempt.

2

FILE COPY

The clerk of this court is directed to transmit a copy of this order to Cori Warren, the attorneys of record, the trial court judge, and the trial court clerk.

DATED June 23, 2017.

PER CURIAM