**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 18, 2012.**



In The

# Fourteenth Court of Appeals

———————

**NO. 14-12-00460-CV**

———————

**IN RE ROY A. MATA and GILBERT E. GARCIA, Relators**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1008365**

# M E M O R A N D U M   O P I N I O N

On May 14, 2012, relators Roy A. Mata and Gilbert E. Garcia filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In their petition, relators complain about rulings made by the respondent, the Honorable Deborah I. Mayfield, presiding judge of Harris County Civil Court at Law No. 1, on April 12, 2012, in connection with a summary judgment in favor of the real party in interest, Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank FSB.

The underlying case arose from a forcible detainer action after a foreclosure. On appeal from the justice court, the county court granted a summary judgment in favor of the real party in interest on April 12, 2012, awarding the bank possession of the property at issue. Relators filed a timely notice of appeal from the judgment, and their appeal is pending under this court's appellate case number 14-12-00400-CV.

On May 1, 2012, relators also filed motion to suspend enforcement of the judgment, asking, among other matters, that the trial court permit them to proceed *in forma pauperis* and supersede the judgment without requiring security. In their petition, relators complain that the trial court denied their request to proceed *in forma pauperis* and set a "death sentence" appeal bond that was impossible to meet. Relators have not provided a copy of this order with their petition. *See* Tex. R. App. P. 52.3(k)(1), 52.7(a). It is the relator's burden to provide an adequate record to establish entitlement to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding);

The Texas Property Code provides:

> A judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

Tex. Prop. Code § 24.007(a). Appellants did not supersede the judgment within the time prescribed by statute. If a supersedeas bond is not filed, the judgment in a forcible detainer action may be enforced and a writ of possession may be executed. *See* Tex. Prop. Code § 24.007; *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006); *Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Relators cite *In re Sosa,* 980 S.W.2d 814 (Tex. App.—San Antonio 1998, orig.

2

proceeding) for the proposition that mandamus is the appropriate method to challenge a ruling on a contest to indigency. The Texas Supreme Court has since determined that, under the amended rules of appellate procedure, an indigent party may challenge the trial court's ruling sustaining a contest to an affidavit of indigence as part of his appeal, instead of by mandamus review as was done previously. *See In re Arroyo*, 988 S.W.2d 737, 738-39 (Tex. 1998).

When a petition for writ of mandamus is filed, the relator bears the burden of showing entitlement to the relief requested. *Walker*, 827 S.W.2d at 840–44. Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). The determination of whether or not there is an adequate remedy by appeal is left to the sound discretion of the reviewing court after a "careful balance of jurisprudential considerations," including both public and private interests. *Id.* at 136. The Texas Supreme Court has recognized that there are exceptional cases where the benefits of mandamus are so great that the available appellate remedy is rendered inadequate. *Id.* Relators have not demonstrated that their remedy by the appeal pending before this court is inadequate.

Accordingly, we deny relators' petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.