**Dismissed and Memorandum Opinion filed July 12, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00391-CV

---

### KIMBERLY MITCHELL, Appellant

### V.

### FEDERAL BUREAU OF INVESTIGATIONS, TEXAS LOTTERY COMMISSION, JAMES BENNETT, and NORRIS RALPH MITCHELL, Appellees

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2011-76607**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed April 5, 2012, sustaining the contest to appellant's affidavit of indigency and ordering her to pay the filing fees and other costs of her suit. *See* Tex. R. Civ. P. 145 (directing clerk to docket an action and issue citation without payment of costs when a party files an affidavit of indigency with an original action). This court lacks jurisdiction to consider this appeal.

Generally, appellate courts have jurisdiction to review a trial court's rulings after entry of a judgment finally disposing of the case. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998). Interlocutory appellate jurisdiction is an exception to this general rule; it enables appellate courts to review a trial court's ruling while the case is still pending before the trial court. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007). As an intermediate appellate court, we lack jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule that appeals may only be taken from final judgments. *Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000).

There is no statute authorizing an interlocutory appeal from an indigency ruling pursuant to Texas Rule of Civil Procedure 145. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a). In contrast, a trial court's order sustaining a contest to an affidavit of indigence filed in connection with an already pending appeal is appealable. *See In re Arroyo*, 988 S.W.2d 737, 738-39 (Tex. 1998) (orig. proceeding); Tex. R. App. P. 20.1(j). The record contains no final, appealable order.

On June 1, 2012, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). No response was filed.

The April 5, 2012 interlocutory order from which appellant has appealed is not an order that is made appealable by statute. Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jamison.