COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00419-CV

 

 


 
 
 Gilda
 Ferrell Dunson
  
  
 v.
  
  
 GMAC
 Mortgage, LLC
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From County Court at Law
 No. 1
  
 of
 Tarrant County (2012-004031-1)
  
 November
 21, 2012
  
 Per
 Curiam
 
 


 

 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

 

SECOND DISTRICT COURT OF APPEALS

 

 

PER CURIAM

 

 

 

 








 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00419-CV

 

 


 
 
 Gilda Ferrell Dunson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 GMAC Mortgage, LLC
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

This
is an attempted appeal from an order signed October 5, 2012, sustaining the
contest to appellant’s affidavit of indigency in the underlying trial court
proceeding.  See Tex. R. Civ. P. 145(a) (directing clerk to docket an
action and issue citation without payment of costs when a party files an
affidavit of indigency with an original action).  This court lacks jurisdiction
to consider this appeal.

Generally,
appellate courts have jurisdiction to review a trial court’s rulings after
entry of a judgment finally disposing of the case.  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory appellate jurisdiction is an
exception to this general rule; it enables appellate courts to review a trial
court’s ruling while the case is still pending before the trial court.  See
Tex. A & M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 840–41 (Tex. 2007).  As
an intermediate appellate court, we lack jurisdiction to review an
interlocutory order unless a statute specifically authorizes an exception to
the general rule that appeals may only be taken from final judgments.  Qwest
Commc’ns Corp. v. AT & T Corp., 24 S.W.3d 334, 336 (Tex. 2000).

There
is no statute authorizing an interlocutory appeal from an indigency ruling
pursuant to Texas Rule of Civil Procedure 145.  See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a) (West Supp. 2012).  In contrast, a trial court’s
order sustaining a contest to an affidavit of indigency filed in connection
with an already pending appeal is appealable.  See Tex. R. App. P.
20.1(j); In re Arroyo, 988 S.W.2d 737, 738–39 (Tex. 1998) (orig. proceeding).

Here,
the record contains no final, appealable order.  On October 26, 2012, we
notified Appellant of our concern that we lacked jurisdiction over this case
and requested that Appellant or any party desiring to continue the appeal file
a response by November 5, 2012.  Appellant filed a response, but it does not
present grounds for continuing the appeal.  We therefore dismiss this appeal
for lack of jurisdiction.  See Tex. R. App. P. 42.3(a).

 

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED:  November 21,
2012








 









[1]See Tex. R. App. P. 47.4.