

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00419-CV

| | | |
|---|---|---|
| Gilda Ferrell Dunson | § | From County Court at Law No. 1 |
| | § | of Tarrant County (2012-004031-1) |
| v. | § | November 21, 2012 |
| GMAC Mortgage, LLC | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00419-CV

GILDA FERRELL DUNSON                            APPELLANT

V.

GMAC MORTGAGE, LLC                              APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an attempted appeal from an order signed October 5, 2012, sustaining the contest to appellant's affidavit of indigency in the underlying trial court proceeding. *See* Tex. R. Civ. P. 145(a) (directing clerk to docket an action and issue citation without payment of costs when a party files an affidavit of

---

[1]*See* Tex. R. App. P. 47.4.

indigency with an original action). This court lacks jurisdiction to consider this appeal.

Generally, appellate courts have jurisdiction to review a trial court's rulings after entry of a judgment finally disposing of the case. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory appellate jurisdiction is an exception to this general rule; it enables appellate courts to review a trial court's ruling while the case is still pending before the trial court. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007). As an intermediate appellate court, we lack jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule that appeals may only be taken from final judgments. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000).

There is no statute authorizing an interlocutory appeal from an indigency ruling pursuant to Texas Rule of Civil Procedure 145. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2012). In contrast, a trial court's order sustaining a contest to an affidavit of indigency filed in connection with an already pending appeal is appealable. *See* Tex. R. App. P. 20.1(j); *In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex. 1998) (orig. proceeding).

Here, the record contains no final, appealable order. On October 26, 2012, we notified Appellant of our concern that we lacked jurisdiction over this case and requested that Appellant or any party desiring to continue the appeal file a response by November 5, 2012. Appellant filed a response, but it does not

2

present grounds for continuing the appeal.  We therefore dismiss this appeal for lack of jurisdiction.  *See* Tex. R. App. P. 42.3(a).

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  November 21, 2012